UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

           Plaintiff/Counter-Defendant,      Civil Case No. 18-13257
                                                Honorable Linda V. Parker
v.

MAX REHAB PHYSICAL THERAPY LLC, et al.

           Defendants/Counter-Plaintiffs.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF/COUNTER-DEFENDANT'S MOTION TO DISMISS
COUNTERCLAIM COMPLAINT**

On October 17, 2018, State Farm Mutual Automobile Insurance Company

("State Farm") initiated this lawsuit against Defendants, two physical therapy

clinics and two physical therapists who own and/or control the clinics. State Farm

alleges that Defendants engaged in a scheme to defraud State Farm by submitting

bills for fraudulent services to automobile accident victims eligible for personal

injury protection benefits under State Farm insurance policies. (ECF No. 1.)

Defendants filed a Counter-Complaint against State Farm asserting unlawful

discrimination under 42 U.S.C. § 1981, violation of the Michigan Consumer

Protection Act ("MCPA"), tortious interference with business relationship, and

defamation. (ECF No. 21.) The matter is presently before the Court on State

1

Farm's motion to dismiss Defendants' counterclaims (ECF No. 24), which has been fully briefed. (ECF Nos. 25, 26.) Finding the legal arguments fully developed in the parties' submissions, the Court is dispensing with oral argument with respect to State Farm's motion pursuant to Eastern District of Michigan Local Rule 7.1(f).

## Standard of Review

State Farm seeks dismissal of Defendants' counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as

2

true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Notably, *Iqbal* and *Twombly* abrogated the more liberal pleading "no set of facts" standard of *Conley v. Gibson*, 355 U.S. 41 (1957), which Defendants quote and rely upon in response to State Farm's motion to dismiss. *See Twombly*, 550 U.S. at 563 ("We could go on, but there is no need to pile up further citations to show that *Conley*'s 'no set of facts' language has been questioned, criticized, and explained away long enough."). As the *Twombly* Court observed, "Conley [] described the breadth of opportunity to prove what an adequate complaint claims,

not the minimum standard of adequate pleading to govern a complaint's survival."

*Id.* At a minimum, a pleading "must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* at 562; *see also Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

In addition to the pleading requirements set forth above, Federal Rule of Civil Procedure 9(b) requires "a party [t]o state with particularity the circumstances constituting fraud or mistake." The pleading must "allege the time, place, and content of the alleged misrepresentation … the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 515 (6th Cir. 2007) (quotation marks omitted). "Rule 9(b)'s 'particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior.'" *United States ex rel. Prather v. Brookdale Senior Living Cmtys., Inc.*, 838 F.3d 750, 771 (6th Cir. 2016) (quoting *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1313 (11th Cir. 2002), *cert. denied*, 549 U.S. 889 (2006)).

## Applicable Law and Analysis

## 42 U.S.C. § 1981

Section 1981 prohibits intentional racial discrimination in the making and enforcing of contracts. *McCormick v. Miami Univ.*, 693 F.3d 654, 659 (6th Cir. 2012) (citing *Runyon v. McCrary*, 427 U.S. 160, 168 (1976)). To successfully plead a § 1981 claim, the plaintiff must allege that (1) the plaintiff had a contractual right that the defendant impaired; and (2) racial discrimination drove the defendant's decision to interfere with the plaintiff's contractual right. *Williams v. Richland Cty. Children Servs.*, 489 Fed. Appx. 848, 851 (6th Cir. 2012) (citing *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006)). To survive a motion to dismiss, Plaintiff must allege the statutory and factual basis for its claim. *Lindsay v. Yates*, 498 F.3d 434, 440 (6th Cir. 2007). Although a complaint does not have to present detailed factual allegations, there must be sufficient factual content to allow the court, armed with "judicial experience and common sense" to "draw the reasonable inference" that the defendant intentionally interfered with or impaired the plaintiff's contractual right on the basis of race. *Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678, 679).

As State Farm argues, Defendants fail to plead facts to support their assertion that State Farm's investigative decisions are based on race. In fact, Defendants expressly acknowledge in their Counter-Complaint that they currently

5

lack a sufficient factual basis to support their claim of race discrimination. (*See* Counter-Compl. ¶¶ 3, 39, ECF No. 21 at Pg ID 313, 324 ("Through discovery it will be established . . . that [State Farm] disproportionally investigates insurance claims filed by minorities …"). Defendants do not even allege that State Farm was aware that the defendant clinics were owned or controlled by Arab Americans when it decided to investigate the insurance claims associated with the clinics.

Moreover, a claim under § 1981 must be based on the impairment of a "contractual relationship … under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476 (2006). In their Counter-Complaint, Defendants do not identify such a contract. Nor do Defendants do so in response to State Farm's motion to dismiss.

For these reasons, the Court agrees with State Farm that Defendants fail to adequately plead their § 1981 counterclaim.

## Defamation

Defendants allege that State Farm committed defamation per se in violation of Michigan law. To adequately allege defamation under Michigan law, Defendants must set forth facts detailing (1) a false and defamatory statement concerning them, (2) an unprivileged publication to a third party, (3) fault amounting to at least negligence on the part of State Farm; and (3) either actionability per se or the existence of special harm. *Andrews v. Prudential Sec.,*

*Inc.*, 160 F.3d 304, 408 (6th Cir. 1998) (internal quotation marks and citations omitted). "Generally, 'words charging the commission of a crime are defamatory per se, and hence, injury to the reputation of the person defamed is presumed to the extent that the failure to prove damages is not a ground for dismissal.'" *Marks One Car Rental, Inc. v. Auto Club Grp. Ins. Co.*, 761 F. App'x 516, 522 (6th Cir. 2019) (quoting *Burden v. Elias Bros. Big Boy Rests.*, 613 N.W.2d 378, 381 (Mich. Ct. App. 2000)) (additional citations omitted); *see also* Mich. Comp. Laws § 600.2911. However, where the alleged defamatory statement relates to a corporation rather than a person, the Michigan courts require proof of actual damages, which can include matters "tend[ing] to prejudice [the plaintiff] in the conduct of its business" or "deter[ring] others from dealing with it.'" *Champion Labs., Inc. v. Parker-Hannifin Corp.*, 616 F. Supp. 2d 684, 698 (E.D. Mich. 2009) (quoting *Northland Wheels Roller Skating Ctr., Inc. v. Detroit Free Press, Inc.*, 539 N.W.2d 774, 780 (Mich. Ct. App. 1994)) (additional quotation marks and citation omitted); *see also* Mich. Comp. Laws § 600.2911(2)(a).

State Farm contends that, under Michigan law, "a plaintiff must be specific when alleging defamation" and the "pleading cannot rely on general and conclusory statements, but must instead specifically identify the statements alleged to be defamatory." (State Farm's Br. in Supp. of Mot. at 16, ECF No. 24 at Pg ID 375, citing *N. Point Advisors, Inc. v. Detroit Police & Fire Retirement Sys.*, No.

15-13471, 2017 WL 1077670, at \*3 (E.D. Mich. Mar. 22, 2017) (citing *Royal Palace Homes, Inc. v. Channel 7 of Detroit, Inc.*, 495 N.W.2d 392, 394 (Mich. Ct. App. 1992)).)  These are pleading requirements under State law, however, which this Court does not believe apply here.  *See Ridgway v. Ford Dealer Computer Servs., Inc.*, 114 F.3d 94, 98 n.5 (6th Cir. 1997) ("Of course, an argument that the federal district court should have followed Michigan's pleading requirements would have been meritless."); *see also Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (Stevens, J., concurring) (restating the "long recognized principle that federal courts sitting in diversity 'apply state substantive law and federal procedural law'") (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)).  Further, defamation is not a claim subject to the particularity requirements of Rule 9(b).  *See Wright v. Sodexho Marriott Servs.*, 30 F. App'x 566, 567 (6th Cir. 2002) (Evaluating the sufficiency of the plaintiff's defamation claim under Federal Rule of Civil Procedure 8(a), only).

In their defamation claim, Defendants allege:

53.     From October 2012 to the present, Plaintiff/Counter Defendant engaged in an audit of numerous therapy bills submitted by Defendant/Counter Plaintiff "Clinics," thereby concluding the submissions of such were evidence of insurance fraud and a criminal conspiracy between the named Defendant/Counter Plaintiff …

54.     Included in the State Farm Insurance Special Investigative Unit (SIU) investigation was the contacting of its policyholders, who were also patients of Defendant/Counter Plaintiff Clinics, for the purpose of

8

informing them of their suspicions that Defendant/Counter Plaintiffs were engaged in insurance fraud …"

…

58.     In this case, Plaintiff/Counter Defendant State Farm Insurance, conducted Examinations Under Oath, and contacted its policyholders, who were also patients of the Defendant/Counter Plaintiff[s], making allegations that the Defendant/Counter Plaintiffs were engaged in fraudulent billing practices and engaged in a criminal conspiracy.

(Counter-Compl., ECF No. 21 at Pg ID 329-30.)  Defendants' assertion that State

Farm told Defendants' patients that Defendants were engaged in fraudulent billing

practices and a criminal conspiracy are sufficient to state a claim of defamation per

se under Michigan law. [1]  State Farm also argues, however, that the claim is barred

by the applicable statute of limitations.

The limitations period for a defamation claim is one year under Michigan

law.  Mich. Comp. Laws § 600.5805(9).  "A defamation claim accrues when 'the

wrong upon which the claim is based was done regardless of the time when

damage results.'"  *Mitan v. Campbell*, 706 N.W.2d 420, 422 (Mich. 2005) (quoting

Mich. Comp. Laws § 600.5827).  This means that the statute of limitations begins

to run when the alleged defamatory statement is made, not when it is republished

or causes harm to the plaintiff.  *Id*.

---

[1] On the other hand, Defendants' defamation claim fails to the extent that it is premised on statements State Farm made or makes in its audit(s) or this action. Those statements are not actionable for the reasons set forth in State Farm's briefs in support of its motion to dismiss.

While Defendants failed to respond to State Farm's statute-of-limitations arguments, a Rule 12(b)(6) motion to dismiss "is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitations." *Cataldo v. United States Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012). This is because "[t]he statute of limitations is an affirmative defense, *see* Fed. R. Civ. P. 8(c), and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim, *see* Fed. R. Civ. P. 8(a)[.]" *Id.* But, a statute-of-limitations defense can be raised by motion to dismiss where the complaint affirmatively shows that the claim is time-barred. *Id.* (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)). Here, Defendants' Counter-Complaint does not affirmatively show that their defamation claim is time-barred.

In their Counter-Complaint, Defendants do not specify when State Farm allegedly told clinic patients that Defendants had engaged in criminal activity. (*See* Counter-Compl. ¶ 6, ECF No. 21 at Pg ID 314.) As such, it is impossible to decipher from the four corners of Defendants' pleading whether their defamation claim is barred by the applicable one-year limitations period. The Court, therefore, declines to dismiss the claim *at this time* on statute-of-limitations grounds.

In short, the Court denies State Farm's request to dismiss Defendants' defamation claim.

## Michigan Consumer Protection Act

Defendants allege that State Farm violated the Michigan Consumer Protection Act ("MCPA") by making false or misleading statements about Defendants to clinic patients. (Counter-Compl. ¶ 44, ECF No. 21 at Pg ID 326.) State Farm argues that this claim fails for the same reasons Defendants' defamation claim fails. Unlike Defendants' defamation claim, Rule 9(b)'s heightened pleading requirements apply to their MCPA claim. *See Home Owners Ins. Co. v. ADT LLC*, 109 F. Supp. 3d 1000, 1008 (E.D. Mich. 2015) (citing *In re Packaged Ice*, 779 F. Supp. 2d 642, 666 (E.D. Mich. 2011)).

The Counter-Complaint does not plead facts to satisfy these requirements. "The Sixth Circuit reads [Rule 9(b)] liberally … requiring a plaintiff, at a minimum, to allege the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993) (internal quotation marks and citation omitted). Defendants fail to state with specificity the fraudulent statements State Farm allegedly made to their patients. Defendants also do not identify the speaker(s) or where or when the statements were made. Lastly, Defendants do not set forth facts suggesting that anyone relied on the alleged false statements or that Defendants suffered any resulting damages.

The Court therefore is dismissing Defendants' MCPA claim.

**Tortious Interference with Business Relationship**

Defendants allege that State Farm interfered with the relationship between Defendants and their patients by, inter alia, "[m]aking direct contact with several of the[] patients and asserting fraudulent and defamatory representations relative to [Defendants'] quality of work product, medical and professional competency and allegations that [Defendants] engage in fraudulent insurance schemes." (Counter-Compl. ¶ 49, ECF No. 21 at Pg ID 328.)

Under Michigan law, a plaintiff claiming tortious interference with a business relationship must allege and ultimately prove:

> "(i) the existence of a valid business relationship or expectancy; (ii) knowledge of the relationship or expectancy on the part of the defendant; (iii) intentional interference causing or inducing a termination of the relationship or expectancy; and (iv) resultant actual damage."

*Saab Auto. AB v. General Motors Co.*, 770 F.3d 436, 440 (6th Cir. 2014) (quoting *Lucas v. Monroe Cty.*, 203 F.3d 964, 979 (6th Cir. 2000)). Defendants' Counter-Complaint is devoid of facts suggesting that State Farm's alleged conduct caused or induced a termination of a valid business relationship. Nor do Defendants allege any resulting damage.

The Court is therefore also dismissing Defendants' tortious interference claim.

**Conclusion**

For the reasons stated above, the Court holds that Defendants fail to allege sufficient facts to support their § 1981, Michigan Consumer Protection Act, and tortious interference with a business relationship claims. Defendants' defamation claim cannot be resolved on a motion to dismiss.

Accordingly,

**IT IS ORDERED** that State Farm's motion to dismiss Defendants' counterclaims is **GRANTED IN PART AND DENIED IN PART** in that counts one through three of the Counter-Complaint are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 2, 2019