# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, )
       )
       )
           Plaintiff, )
       )
     v. ) Case No. 2:18-cv-13257
       )
       )
MAX REHAB PHYSICAL THERAPY, LLC, ) Hon. Linda V. Parker
MAXIMUM REHAB )
PHYSICAL THERAPY, LLC )
JOSEPH LABIB, and ) Magistrate Judge Elizabeth A.
RENEE LABIB, ) Stafford
       )
       )
          Defendants. )

## STATE FARM MUTUAL'S MOTION TO COMPEL
## DEFENDANTS TO PRODUCE INFORMATION AND DOCUMENTS

Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm Mutual"), pursuant to Federal Rules of Civil Procedure ("Rules") 26, 33, 34, and 37, respectfully submits this Motion to Compel Defendants to provide full and complete answers to State Farm Mutual's First Set of Interrogatories and produce all documents responsive to State Farm Mutual's First Set of Document Requests.[1] This Motion is based on the accompanying brief, which is incorporated herein.

---

[1] Exhibit 1 lists the interrogatories to which State Farm Mutual seeks amended responses from Defendants.

Pursuant to Local Rule 7.1(a)(2), counsel for State Farm Mutual has attempted in good faith to obtain compliance with the discovery requests underlying this Motion, but has exhausted the meet-and-confer process without obtaining compliance. The parties conducted a meet-and-confer on February 21, 2020, during which State Farm Mutual explained the reasons Defendants' discovery responses are deficient. In an effort to resolve the parties' disputes and streamline the issues, State Farm Mutual requested that Defendants provide amended responses to certain interrogatories listed in Exhibit 1 and produce (or, at a minimum, commit to a date certain to produce) responsive documents. Counsel for Defendants did not commit to either request. He stated only that he was meeting with Defendants the following Monday to discuss State Farm Mutual's issues and gather responsive documents. However, despite following up with Defendants, State Farm Mutual still has not received any amended interrogatory responses, responsive documents, or any indication that such information would be forthcoming. In light of the impending deadlines and the inability to obtain meaningful discovery commitments from Defendants, State Farm Mutual has been left with no alternative except to seek Court intervention.

Accordingly, State Farm Mutual respectfully requests the Court to enter an Order: (1) compelling Defendants to provide full and complete answers to the interrogatories listed in Exhibit 1 within seven (7) days; (2) compelling Defendants

to produce all documents responsive to State Farm Mutual's document requests within seven (7) days; (3) extending by three (3) months State Farm Mutual's obligation to meet the deadlines listed in the Scheduling Order for identifying lay and expert witnesses, disclosing its expert witness, and serving its expert report, and for the fact discovery cut-off, as Defendants' delay has severely prejudiced State Farm Mutual's ability to comply with its obligations; and (4) awarding State Farm Mutual's reasonable expenses incurred in making this Motion, including its attorney's fees.

Dated: March 13, 2020

By:   /s/ Michael J. Powers
Ross O. Silverman
John W. Reale
Michael J. Powers
Katten Muchin Rosenman LLP
525 W. Monroe St.
Chicago, IL  60661
(312) 902-5200
ross.silverman@katten.com
john.reale@katten.com
michael.powers@katten.com

Thomas W. Cranmer (P25252)
Miller, Canfield, Paddock and Stone, PLC
840 W. Long Lake Rd., Suite 200
Troy MI  48098
(248) 267-3381
cranmer@millercanfield.com

*Attorneys for Plaintiff State Farm Mutual Insurance Company*

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, )
                                           )
                                           )
                         Plaintiff, )
                                             )
                      v. ) Case No. 2:18-cv-13257
                                             )
                                             )
MAX REHAB PHYSICAL THERAPY, LLC, ) Hon. Linda V. Parker
MAXIMUM REHAB )
PHYSICAL THERAPY, LLC )
JOSEPH LABIB, and ) Magistrate Judge Elizabeth A.
RENEE LABIB, ) Stafford
                                             )
                                             )
                        Defendants. )

## BRIEF IN SUPPORT OF
## STATE FARM MUTUAL'S MOTION TO COMPEL
## <u>DEFENDANTS TO PRODUCE INFORMATION AND DOCUMENTS</u>

## STATEMENT OF ISSUES PRESENTED

1.     Whether the Court should enter an Order compelling Defendants to provide complete answers to State Farm Mutual's interrogatories identified in Exhibit 1?

**State Farm Mutual's Response:**     Yes.

**Defendants' Response:**  No.

2.     Whether the Court should enter an Order compelling Defendants to produce all materials responsive to State Farm Mutual's document requests?

**State Farm Mutual's Response:**     Yes.

**Defendants' Response:**  No.

## <u>CONTROLLING OR MOST APPROPRIATE AUTHORITIES</u>

Fed. R. Civ. P. 26(b)(1)

Fed. R. Civ. P. 33

Fed. R. Civ. P. 34

Fed. R. Civ. P. 37

*Miller v. Joaquin*, 2019 WL 6872968 (E.D. Mich. Dec. 17, 2019)

*Sharper v. Wal-Mart Stores, Inc.*, 2018 WL 2016156 (E.D. Mich. May 1, 2018)

*Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200 (E.D. Mich. 2018)

*Sobol v. Imprimis Pharm.*, 2017 WL 5035837 (E.D. Mich. Oct. 26, 2017)

*State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, 2013 WL 12233557 (E.D. Mich. Dec. 12, 2013)

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Andrews v. Prudential Sec., Inc.*,
   160 F.3d 304 (6th Cir. 1998) ..............................................................21

*Design Basics, LLC v. DJW & Assocs. of Michigan, Inc.*,
   2019 WL 7584399 (E.D. Mich. Aug. 6, 2019)...............................8, 11

*Eichaker v. Vill. of Vicksburg*,
   2014 WL 11430938 (W.D. Mich. Feb. 24, 2014) ................................9

*Mackin v. Charles Schwab & Co., Inc.*.
   2018 WL 2321124 (D. Md. May 22, 2018).......................................14

*Miller v. Joaquin*,
   2019 WL 6872968 (E.D. Mich. Dec. 17, 2019) ............................9, 20

*Sharper v. Wal-Mart Stores, Inc.*,
   2018 WL 2016156 (E.D. Mich. May 1, 2018) (J. Parker) .................10

*Siser N. Am., Inc. v. Herika G. Inc.*,
   325 F.R.D. 200 (E.D. Mich. 2018) ....................................9, 10, 12, 13

*Sobol v. Imprimis Pharm.*,
   2017 WL 5035837 (E.D. Mich. Oct. 26, 2017)...........................10, 13

*State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*,
   2013 WL 12233557 (E.D. Mich. Dec. 12, 2013) ..................17, 18, 21

*State Farm Mut. Auto. Ins. Co. v. Spine Specialists of Michigan, P.C.,
   et al.*,
   2016 WL 8787121 (E.D. Mich. Mar. 14, 2016)................................22

*State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab
   Clinic P.C., et al.*,
   2015 WL 4094115 (E.D. Mich. July 7, 2015)...................................22

**Rules**

Fed. R. Civ. P. 1 ...................................................................................................1

Fed. R. Civ. P. 11(b)(3) ........................................................................................16

Fed. R. Civ. P. 26(b)(1) ........................................................................................11

Fed. R. Civ. P. 33(b)(1) ........................................................................................14

Fed. R. Civ. P. 33(b)(2) .......................................................................................8, 9

Fed. R. Civ. P. 33(b)(3) ........................................................................................14

Fed. R. Civ. P. 33(b)(4) ....................................................................................10, 12

Fed. R. Civ. P. 33(b)(5) ........................................................................................20

Fed. R. Civ. P. 34(b)(2) ...........................................................8, 9, 10, 11, 12, 13

Fed. R. Civ. P. 37(a) .........................................................................................9, 13

## **TABLE OF CONTENTS**

I.     INTRODUCTION ......................................................1

II.    BACKGROUND .......................................................4

III.   LEGAL STANDARD .................................................8

IV.    LEGAL ANALYSIS ...................................................9

      A.   Defendants' Untimely Responses Fail To Comply With Basic Requirements Under Rules 33 And 34, Resulting In Waiver Of All Objections...............................................................9

            1.   Defendants' responses are untimely. ..........................9

            2.   Defendants' responses lodge improper general objections. .....10

            3.   Defendants' responses are incomplete and evasive.................13

            4.   Defendants' interrogatory responses are not verified..............20

      B.   Defendants' Objections Also Lack Merit. .........................21

            1.   Defendants lack a good faith basis to object to requests seeking information regarding their own Counterclaim. ......................21

            2.   The financial information State Farm Mutual seeks is highly relevant to the alleged fraud scheme........................................21

            3.   State Farm Mutual's remaining requests seek information relevant to the claims and defenses at issue in this lawsuit. ......22

V.     CONCLUSION...........................................................24

## I.    INTRODUCTION

The "just, speedy, and inexpensive determination of every action and proceeding" requires litigants to participate in the discovery process in good faith, which includes complying with deadlines, answering discovery, and lodging well-founded objections, where appropriate. *See* FRCP 1. Defendants here have failed to comply with their discovery obligations. Defendants' continued dilatory approach to written discovery served nearly three months ago and their refusal to produce a single responsive document or adequately respond to basic interrogatories that aim to discover critical facts relevant to this dispute, has prejudiced State Farm Mutual's ability to prepare its case for trial. In short, State Farm Mutual needs information and documents from Defendants that they refuse to provide. Thus, State Farm Mutual must seek relief from the Court to order Defendants to comply with their duties under Rules 33 and 34.

State Farm Mutual has sought to prosecute its case quickly and efficiently from the outset of the discovery period. On December 12, 2020, the Court issued the Scheduling Order that allowed the parties to begin the discovery process. The Court's Scheduling Order provides the parties a short window of six months in which to complete fact and expert discovery, as well as serve other disclosures. (ECF 34.) Recognizing this, State Farm Mutual served written discovery on Defendants five days after the Scheduling Order was entered. As would become a

trend, however, Defendants failed to respond within the time required, and never sought an extension before their deadline expired. Indeed, only after the 30-day deadline expired and in response to correspondence from State Farm Mutual did Defendants request a two-week extension. Defendants failed, however, to meet that deadline too. State Farm Mutual was again forced to contact Defendants regarding the status of their responses and it took another missed deadline before Defendants finally provided written (and materially deficient) answers. In short, despite the nearly three additional weeks, Defendants provided untimely answers that fail to comply with the basic requirements of Rules 33 and 34. In particular, Defendants' responses (1) rely upon boilerplate and generic objections; (2) do not provide any specific objections or withholding statements; (3) are largely incomplete and evasive; and (4) in the case of Defendants' interrogatory responses, are not verified. (*See* Ex. 2 (Clinics' ROG Resp.); Ex. 3 (J. Labib's ROG Resp.); Ex. 4 (R. Labib's ROG Resp.); and Ex. 5 (Defendants' RFP Resp.).) Defendants also have failed to produce any responsive documents.

Although counsel for State Farm Mutual pointed out these specific deficiencies during a February 21, 2020 meet-and-confer, Defendants still refuse to amend their interrogatory responses or produce (or commit to a date certain to produce) any responsive documents. Without this information, State Farm Mutual is severely prejudiced from preparing its own case-in-chief or a defense to

Defendants' Counterclaim. State Farm Mutual is also prejudiced in its efforts to satisfy the upcoming deadline to serve its witness lists and tender its Rule 26(a)(2) expert report.

Because Defendants have not properly answered State Farm Mutual's discovery requests (and have yet to verify their deficient interrogatory responses), their responses are untimely, and they have waived any objections. Even if Defendants have not waived their objections, the general objections they lodge are meritless. State Farm Mutual's requests are relevant because they seek information relating to Defendants' own Counterclaim and the operation and scope of, including the participants, in the fraud scheme alleged in the Complaint. For all of these reasons, the Court should enter an Order: (1) compelling Defendants to provide full and complete answers to the interrogatories listed in Exhibit 1 within seven (7) days; (2) compelling Defendants to produce all documents responsive to State Farm Mutual's document requests within seven (7) days; (3) extending by three (3) months State Farm Mutual's obligation to meet the deadlines listed in the Scheduling Order for identifying lay and expert witnesses, disclosing its expert witness, serving its expert report, and the fact discovery cut-off[2]; and (4) awarding

---

[2] State Farm Mutual recognizes the requested relief will impact other deadlines in the Court's Scheduling Order. Under this proposed Order, State Farm Mutual respectfully requests the Court to keep the current date for the parties' Settlement Conference (June 30, 2020) and extend by three (3) months the dates for completing motions challenging experts, dispositive motions, motions *in limine*,

State Farm Mutual's reasonable expenses incurred in making this Motion, including its attorney's fees.

## II.   BACKGROUND

The background for this lawsuit is set forth in State Farm Mutual's Motion to Dismiss Defendants' Counterclaim and the Court's December 2, 2019 Order. (ECF 24 and 30.) Briefly, on October 17, 2018, State Farm Mutual filed its Complaint against Defendants, setting forth detailed allegations regarding Defendants' scheme to defraud State Farm Mutual through the submission of bills and supporting documentation for medically unnecessary services. (ECF 1.) On December 12, 2018, Defendants answered the Complaint and, the next day, filed a Counterclaim. (ECF 18 and 21.) After the Court granted in part and denied in part State Farm Mutual's Motion to Dismiss on December 2, 2019 (leaving only Defendants' defamation count), the parties filed a Proposed Discovery Plan and Rule 26(f) Conference Report on December 9, 2019. (ECF 31.) On December 12, the Court held an initial Case Management Status and Scheduling Conference and issued a Scheduling Order, which allowed the parties to begin fact discovery. (ECF 34.) Among other deadlines, the Scheduling Order requires the parties to file lay

---

the parties' Joint Final Pretrial Order, the final pretrial conference, and trial. Defendants should not be granted any additional time for fact discovery, expert disclosures, or identifying expert and lay witnesses.

and expert witness lists by March 24, 2020 and complete fact discovery by June 9, 2020. (*Id.*)

On December 17, 2019, State Farm Mutual served Defendants with a single set of document requests and separate sets of interrogatories to the Clinics, Joseph Labib, and Renee Labib.[3] (Ex. 6.) Defendants had until January 16, 2020 to serve their responses under the 30-day deadlines set by Rules 33 and 34. Defendants did not serve responses on that day. Having received no responses, State Farm Mutual emailed Defendants on January 17th regarding their untimely responses. (Ex. 7.) Defendants did not respond until January 19th, when they requested a two-week extension. (Ex. 8.) State Farm Mutual granted Defendants' request, giving Defendants until January 30, 2020 to serve their responses. (Ex. 9.) Defendants failed to provide any responses on that day either.

The next day, on January 31st, State Farm Mutual again emailed Defendants regarding their untimely responses. (Ex. 10.) On February 3rd, Defendants indicated their responses "will be completed and provided no later than [February 4th]," although they never provided written answers on that date nor did they inform State Farm Mutual that they would miss the deadline. (Ex. 11.) Instead, Defendants unilaterally extended their deadline to February 5th, when they finally

---

[3] State Farm Mutual served separate interrogatories to the two individual Defendants and one set to the Clinics because it was unclear whether the individual Defendants could verify a single set of interrogatories, or to whom questions regarding the Clinics should be posed.

served their responses. (Ex. 12.) On that day, Defendants emailed unsworn interrogatory responses and responses to document requests, which were accompanied by a letter that stated, "any and all Documents will be forwarded under separate cover in the form of a thumb drive." (*Id.*)

On February 7, 2020, State Farm Mutual emailed Defendants and asked when they would produce the thumb drive with responsive documents. (Ex. 13.) On February 10th, State Farm Mutual contacted Defendants to schedule a meet-and-confer regarding their deficient discovery responses and reiterated the request for Defendants to identify when they would produce the thumb drive. (Ex. 14.) The next day, on February 11th, State Farm Mutual received copies of Defendants' written responses, which had been previously sent by mail. The package did not contain a thumb drive or responsive documents. State Farm Mutual emailed Defendants that same day regarding production of the thumb drive and to request again a date for a meet-and-confer regarding the deficient written discovery responses. (Ex. 15.) On February 14th, having not heard from Defendants, State Farm Mutual again emailed counsel for Defendants to schedule a meet-and-confer and inquire about production of the thumb drive. (Ex. 16.) In its email, State Farm Mutual expressed concern that Defendants' delays were prejudicing its ability to comply with deadlines set by the Scheduling Order. (*Id.*) State Farm Mutual indicated that it would contact the Court if it did not hear from Defendants by close

of business on Monday, February 17th. (*Id.*) On that day, counsel for Defendants emailed State Farm Mutual and indicated that he was "finalizing with client obtaining records requested." (Ex. 17.) Counsel for Defendants later acknowledged the thumb drive referenced in the February 5, 2020 letter "ha[d] not been mailed, as clients [were] still acquiring information requested." (Ex. 18.)

The parties held a meet-and-confer regarding Defendants' responses to discovery on Friday, February 21st. During the meet-and-confer, State Farm Mutual explained the reasons Defendants' responses were improper and untimely. In an effort to narrow the issues, State Farm Mutual identified specific interrogatories to which it sought amended responses and requested that the responses be verified. (*See* Ex. 1.) State Farm Mutual also explained Defendants' responses to the document requests were deficient because they relied on generic and boilerplate objections, did not indicate whether any responsive documents would be produced, and did not include withholding statements. State Farm Mutual asked again about the thumb drive and Defendants stated no responsive documents had been gathered to date. State Farm Mutual reiterated that Defendants' delays were prejudicing its ability to comply with deadlines set in the Scheduling Order. Counsel for Defendants indicated he was meeting with his clients on Monday, February 24th to discuss State Farm Mutual's concerns and gather responsive materials. Immediately after the meet-and-confer, State Farm Mutual emailed

7

Defendants summarizing its position that Defendants' responses as written were deficient. (Ex. 19.) In its email, State Farm Mutual requested that Defendants verify and amend the interrogatory responses and produce (or commit to a date certain to produce) responsive materials by the close of business on Friday, February 28, 2020. (*Id.*) Defendants never responded to State Farm Mutual's request. As of the filing of this Motion, Defendants have not provided any amended or verified interrogatory responses or produced, or committed to a date certain to produce, any responsive materials.

On March 4th, State Farm Mutual emailed Defendants stating it would contact the Court to schedule a conference call regarding the parties' discovery dispute. (Ex. 20.) After consulting with counsel for Defendants and the Court's Case Manager, the Court issued an order allowing State Farm Mutual to file the present Motion. (Docket Entry 3/9/2020.)

## III.   LEGAL STANDARD

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. *Design Basics, LLC v. DJW & Assocs. of Michigan, Inc.*, 2019 WL 7584399, at *1 (E.D. Mich. Aug. 6, 2019). A party receiving interrogatories and requests for production of documents has thirty days to respond. FRCP 33(b)(2), 34(b)(2)(A). If the party fails to respond properly within the applicable time, the party who

served the requests may file a motion to compel. FRCP 37(a)(3)(B)(iii)-(iv). If a court grants a Rule 37 motion to compel, then it must award reasonable expenses and attorney's fees to the successful party. FRCP 37(a)(5)(A). Parties who fail to respond to discovery requests in a timely manner waive any objections. *See Eichaker v. Vill. of Vicksburg*, 2014 WL 11430938, at *1 (W.D. Mich. Feb. 24, 2014) (holding defendant waived all objections to interrogatories and requests for production by failing to timely object). Moreover, general, boilerplate objections are not valid and amount to a waiver of objections. *See, e.g.*, *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 209 (E.D. Mich. 2018) ("Boilerplate objections are legally meaningless and amount to a waiver of an objection"). Additionally, interrogatory responses must be verified by each party and without such verification, a party has not answered the interrogatories. *See Miller v. Joaquin*, 2019 WL 6872968, at *11 (E.D. Mich. Dec. 17, 2019) ("Without a signature, Miller did not answer Defendants' interrogatories.")

## IV.   LEGAL ANALYSIS

### A.   Defendants' Untimely Responses Fail To Comply With Basic Requirements Under Rules 33 And 34, Resulting In Waiver Of All Objections.

#### 1.   Defendants' responses are untimely.

As an initial matter, Defendants failed to respond to State Farm Mutual's discovery within the 30-day deadlines set by Rules 33 and 34, or the two-week extension they requested after the deadline expired. FRCP 33(b)(2), 34(b)(2)(A).

9

Their responses are therefore untimely and they have waived all objections to producing information responsive to State Farm Mutual's requests. *See Siser N. Am., Inc.*, 325 F.R.D. at 210; *Sharper v. Wal-Mart Stores, Inc.*, 2018 WL 2016156, at * 1 (E.D. Mich. May 1, 2018) (J. Parker) ("By not filing any proper objections during the response period, Plaintiff has waived any objections to the discovery.").

### 2.    Defendants' responses lodge improper general objections.

Defendants' responses are deficient for two additional reasons. First, they rely on general, boilerplate objections that violate well-established requirements that parties must state objections with specificity. *See, e.g.*, FRCP 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); FRCP 34(b)(2)(B) ("For each item or category, the response must . . . state with specificity the grounds for objecting to the request, including the reasons."); *Siser N. Am., Inc.*, 325 F.R.D. at 209 ("Boilerplate or generalized objections are tantamount to no objection at all and will not be considered by the Court."); *Sobol v. Imprimis Pharm.*, 2017 WL 5035837, at *4 (E.D. Mich. Oct. 26, 2017) ("[I]ncorporating all of the General Objections into each response violates Rule 34(b)(2)(B)'s specificity requirement as well as Rule 34(b)(2)(C)'s requirement to indicate whether any responsive materials are withheld on the basis of an objection. In fact, boilerplate objections are legally meaningless and amount to a waiver of an objection."). Defendants' responses to the document requests list 18

10

boilerplate objections, which they refer to as "Defendants' General Objections," and improperly incorporate each into their responses to individual requests.[4] (*See* Ex. 6 (General Objection No. 18 ("These General Objections are incorporated into Defendants' specific response set forth below.")).) Moreover, Defendants' actual responses to the document requests fail to indicate whether they are withholding responsive materials on the basis of these improper general objections, or how, if at all, any one of the 18 "General Objections" impacts their responses. (*See, e.g.*, Ex. 5 at 4 (RFP Resp. No. 1); *see also* FRCP 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld[.]").) In fact, Defendants fail to indicate whether they will produce any responsive materials whatsoever. Instead, they copy-and-paste the same vague statement in each response, which directs State Farm Mutual to "[s]ee any relevant and non-privileged document production via produced thumb drive numerically corresponding to this Request to

---

[4] The general objections are also not well taken. For example, Defendants object to producing documents in the absence of an appropriate protective order, even though a stipulated protective order has been in place since December 11, 2019. (*See* Exs. 2-5 (General Objection No. 10); ECF 32.) Defendants also object to producing inadmissible evidence, which is not a proper basis for withholding information. (*See* Exs. 2-5 (General Objection Nos. 13 and 14; FRCP 26(b)(1).) Furthermore, Defendants object to the extent State Farm Mutual's document requests are not "reasonably calculated to lead to the discovery of admissible evidence," which is an outdated standard for the scope of discovery. (*See* Exs. 2-5 (General Objection No. 8); *Design Basics, LLC*, 2019 WL 7584399, at *1.)

Produce."[5] (*See, e.g.*, Ex. 5 at 4 (RFP Resp. No. 1).) As noted above, however, the thumb drive referenced in these responses presently does not exist, *see, e.g.*, Exs. 17-18, despite the suggestion to the contrary. These vague responses violate Rule 34's requirement that Defendants indicate whether they will produce documents as requested and identify whether anything will be withheld. *See* FRCP 34(b)(2)(B) ("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons.").

Defendants similarly fail to provide any specific objections in their unsworn responses to State Farm Mutual's interrogatories. Instead, each Defendant simply lists the same 18 general objections, which are then incorporated into each response. (*See* Exs. 2-4 at 3 (General Objection No. 18).) This similarly violates the plan language of Rule 33. FRCP 33(b)(4) ("The grounds for objecting to an interrogatory must be stated with specificity."); *Siser N. Am., Inc.*, 325 F.R.D. at 209.

Accordingly, because Defendants' responses to State Farm Mutual's document requests and interrogatories rely on boilerplate, general objections that violate Rules 33 and 34, which they refused to cure following the parties' meet-and-confer, Defendants have waived any objections to producing responsive

---

[5] Even if Defendants indicated which documents they would produce, State Farm Mutual never received the thumb drive referenced in their responses.

information and documents. *See Siser N. Am., Inc.*, 325 F.R.D. at 209; *Sobol*, 2017 WL 5035837, at *4.

### 3. Defendants' responses are incomplete and evasive.

Defendants' responses are also incomplete, evasive, and therefore untimely. *See* FRCP 37(a)(4) ("an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."); *Siser N. Am., Inc.*, 325 F.R.D. at 209 ("Evasive and incomplete answers . . . are tantamount to no answer at all."). As noted above, Defendants' responses to the document requests are improper because they fail to indicate whether any responsive materials will be produced or withheld. *See* FRCP 34(b)(2)(B).

Defendants' unsworn interrogatory responses are also incomplete. At the outset, many of their responses do not make sense. For example, State Farm Mutual served interrogatories requesting the following information:

- phone numbers and email addresses used by the Clinics and their current and former employees and independent contractors to conduct business on the Clinics' behalf (*see* Ex. 2 (Clinics' ROG Resp. No. 15));
- the identification of computers and personal devices that Defendants use to conduct business (*see* Ex. 2 (Clinics' ROG Resp. No. 16); Exs. 3-4 (J. & R. Labib's ROG Resp. No. 17));
- the identification of third-party professional services (*e.g.*, management, billing/collection, marketing, consulting, accounting/bookkeeping/tax companies) used by Defendants (*see* Ex. 2 (Clinics' ROG Resp. Nos. 21-22); Exs. 3-4 (J. & R. Labib's ROG Resp. No. 19));
- Joseph Labib's and Renee Labib's training, education, licensing, and qualifications relating to the provision of the health care services at issue in the Complaint (*see* Exs. 3-4 (J. & R. Labib's ROG Resp. No. 18)); and

- other civil investigations and proceedings involving Joseph Labib and Renee Labib relating to the allegations of the Complaint (*see* Exs. 3-4 (J. & R. Labib's ROG Resp. No. 15)).

Defendants have never disputed these interrogatories seek relevant and discoverable information. Instead, each Defendant answered these requests by stating: N/A. (*See, e.g.*, Ex. 2 (Clinics' ROG Resp. No. 15).) Rule 33 requires that "interrogatories must be answered . . . by the party to whom they are directed[,]" FRCP 33(b)(1)(A), and "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath[,]" FRCP 33(b)(3). Defendants' unverified "N/A" responses are unintelligible (and patently false to the extent they contend that Defendants do not use computers, emails, and cell or landline phones, or any third-party contractors such as accountants, among other issues). In short, Defendants fail to provide full and complete answers. *See, e.g., Mackin v. Charles Schwab & Co., Inc.*. 2018 WL 2321124, *1 (D. Md. May 22, 2018) (compelling plaintiff to provide full answers to interrogatories to which she had inadequately responded by stating "N/A" and "Not Applicable").

Defendants' other interrogatory responses fare no better. State Farm Mutual served several interrogatories asking Defendants to identify highly relevant information concerning the factual bases for their defamation count alleged in the Counterclaim. Specifically, State Farm Mutual sought discovery that requested Defendants to:

- identify all publications of the allegedly defamatory statements at issue in the Counterclaim (*see* Exs. 2-4 (ROG No. 1));

- explain the factual basis for their allegations in Paragraphs 5 and 53 of the Counterclaim that State Farm Mutual audited their bills and concluded such bills "were evidence of insurance fraud and a criminal conspiracy between" Defendants (*see* Exs. 2-4 (ROG No. 2));

- explain the factual basis for their allegations in Paragraphs 6 and 54 of the Counterclaim relating to State Farm Mutual's alleged contacting of its policyholders (*see* Exs. 2-4 (ROG No. 3));

- explain the factual basis for their allegations in Paragraphs 10 and 58 of the Counterclaim relating to Examinations Under Oath ("EUOs") conducted by State Farm Mutual that were purportedly improper (*see* Exs. 2-4 (ROG Nos. 4 and 7));

- explain the factual basis for their allegations in Paragraphs 13 and 61 of the Counterclaim relating to the substance of State Farm Mutual's allegedly defamatory statements (*see* Exs. 2-4 (ROG No. 5));

- identify each "policyholder" State Farm Mutual improperly contacted, as alleged in the Counterclaim (*see* Exs. 2-4 (ROG No. 6));

- explain the factual basis for allegations in Paragraphs 7 and 55 of the Counterclaim that State Farm Mutual had a "subjective difference of opinion in the manner in which the services provided by the Defendant Clinics, and the treatment protocol involved with each individual patient" (*see* Exs. 2-4 (ROG No. 8)); and

- explain the factual basis for Defendants' calculation of damages alleged in Paragraphs 15 of the Counterclaim (*see* Exs. 2-4 (ROG No. 9)).[6]

Defendants failed to respond meaningfully to any of these requests. They have refused to identify a single allegedly defamatory statement, including the date such an allegedly defamatory statement was made, the content of the allegedly

---

[6] In Interrogatory No. 9, State Farm Mutual specifically requests each Defendant to identify individuals who they expect will support Defendants' damages claim due to their statement in their Initial Disclosures that they will rely on "deposition testimony of current, or former, patients." (*See* Ex. 21 at 4.)

defamatory statement, the manner in which it was made, the recipient of the statement, or the speaker. Defendants have likewise refused to identify any facts to support their allegations that State Farm Mutual improperly contacted its policyholders and made allegedly defamatory statements to them regarding Defendants. In short, Defendants have refused to provide the factual basis of the allegations in their Counterclaim.

Indeed, in some instances, Defendants' appear to concede they do not have any of this information. For example, Defendants repeatedly allege that State Farm Mutual improperly contacted policyholders. (*See, e.g.*, ECF 21 at ¶ 6 ("Included in the State Farm Insurance SIU investigation was the contacting of its policyholders, . . . by State Farm Insurance SIU Investigators[.]").) However, in response to State Farm Mutual's interrogatory requiring Defendants to disclose the identity of individuals who they contend contacted policyholders, Defendants acknowledge they do not have this information, nor do they identify any policyholders who were supposedly contacted. (*See* Exs. 2-4 (ROG Resp. Nos. 1-8 ("Special Investigative Unit representative and/or adjuster has not been provided to the Defendant-Counter Plaintiff.")).) But Defendants were required to possess the factual basis for this allegation before they filed their pleading. *See* FRCP 11(b)(3) (requiring factual contentions of a pleading to possess evidentiary support). If they do not possess this information and never did, Defendants should dismiss the Counterclaim.

As the Court recognized in its Order on State Farm Mutual's Motion to Dismiss, the Counterclaim does not identify when these individuals allegedly contacted State Farm Mutual's policyholders. (ECF 30 at 10.) Defendants still have not provided this information, despite State Farm Mutual's specific requests. (*See* Exs. 2-4 (ROG Resp. Nos. 1, 6).) Furthermore, Defendants allege numerous times that State Farm Mutual made defamatory statements to policyholders during EUOs. (*See, e.g.*, ECF 21 at ¶ 10 ("State Farm Insurance[] conducted [EUOs] . . . making allegations to them that the Defendant/Counter Plaintiffs were engaged in fraudulent billing practices and engaged in a criminal conspiracy.").) State Farm Mutual thus served an interrogatory asking Defendants to identify the EUOs during which these allegedly defamatory statements were made. (*See* Exs 3-5 (ROG No. 7).) In response, Defendants appear to suggest they never possessed this information before filing the Counterclaim. (*Id.* ("Defendant-Counter Plaintiff seeks the transcripts of these [EUOs] to better provide responses with respect to time, place and particularity of the allegations.").) Defendants' failure to provide complete answers relating to their *own* Counterclaim strongly suggests they do not have evidence to support their allegations and that their Counterclaim was filed as a "knee-jerk reaction" to State Farm Mutual's Complaint. *See State Farm Mut. Auto. Ins. Co. v. Physiomatrix, Inc.*, 2013 WL 12233557, at *3 (E.D. Mich. Dec.

17

12, 2013) ("Defendants must have had some factual basis upon which they rested their counterclaim, as required by Rule 11's good faith pleading requirement.").

Indeed, instead of giving complete answers to the interrogatories, Defendants assert they are not required to do so. They state in response to Interrogatories No. 1-8 that "at this early stage of discovery" they "need only reference each patient" who apparently was a recipient of an allegedly defamatory statement. (*See* Exs. 2-4 (ROG Resp. Nos. 1-8).) But they fail to identify any such patients. (*Id.*) Similarly, in response to Interrogatory No. 9, Defendants state that "[d]efamation per se grants the presumption of damages and the balance of damages is based on economic damages resulting from loss of business revenue[.]"[7] (Exs. 2-4 (ROG Resp. No. 9).) Defendants seek $1 million in damages. State Farm Mutual is therefore entitled to discovery regarding the basis of that damages' claim, including probing the contention that Defendants suffered damages caused from a "loss of business revenue." Defendants do not and cannot cite any authority to support their position that they can avoid providing basic factual information relating to their own Counterclaim. *See Physiomatrix, Inc.*,

---

[7] As noted above, in their Initial Disclosures, Defendants indicated that they would support their damages "by way of deposition testimony of current, or former, patients." (*See* Ex. 21 at 4.) State Farm Mutual is therefore entitled to know the identity of these patients. Furthermore, during the parties' meet-and-confer, State Farm Mutual requested documents and information supporting Defendants' claim that they have suffered "economic damages resulting from loss of business revenue" caused by State Farm Mutual's alleged defamation. Defendants have thus far refused to address State Farm Mutual's request.

18

2013 WL 12233557, at *3 (compelling defendants to produce information relating to their counterclaim). Additionally, Defendants' reservation of rights to supplement their responses at an unspecified later date is not a proper basis for failing to provide information altogether. *See id.* ("[T]hat Defendants might receive additional information at a later date which would require them to supplement their responses does not relieve them of their obligation to respond in the first instance based on information then available to them. Fed. R. Civ. P. 26(e)(1).")

Defendants' other responses to State Farm Mutual's interrogatories are similarly incomplete for the following reasons:

- <u>Bank account information:</u> Defendants' identify "Chase Bank" but do not provide any of the other requested information. (*See* Ex. 2 (Clinics' ROG Resp. No. 13); Exs 3-4 (J. & R. Labib's ROG Resp. No. 14).)

- <u>Joseph Labib's ownership interests:</u> Joseph Labib identifies himself as the owner of the Clinics but fails to provide other information relating to his ownership interest, including the amount he was paid annually for such ownership interest. (*See* Ex. 3 (J. Labib ROG Resp. No. 13).)

- <u>Individuals likely to have personal knowledge of relevant facts:</u> In their responses, Defendants mention individuals who "treated patients, [including] treating physicians, licensed therapists and aides, [and] clinic staff" who have personal knowledge of relevant facts. (*See* Ex. 2 (Clinics' ROG Resp. No. 24); Exs. 3-4 (J. & R. Labib's ROG Resp. No. 21).) Additionally, in their Initial Disclosures, Defendants referenced "contracted parties," "representatives and custodian of records for Defendant," and "testimony of current, or former, patients" as individuals who likely have personal knowledge of relevant facts. (Ex. 21 at 3-4.) Defendants do not specifically identify any of these individuals.

- <u>Defendants' efforts to procure, recruit, and solicit patients:</u> In response to these requests, the Clinics indicate that they do "not engage in any such illegal, improper or unethical conduct." (*See* Ex. 2 (Clinics' ROG Resp. Nos. 17, 19, 20).) During the parties' meet-and-confer, State Farm Mutual explained the

scope of these requests captures any lawful efforts by the Clinics to procure, recruit, and solicit patients.

- <u>Employees, independent contractors, and managers of the Clinics:</u>  The Clinics responded they would produce "a list of clinic staff," but have thus far failed to do so. (*See* Ex. 2 (Clinics' ROG Resp. No. 11).) Defendants also fail to provide any of the other requested information, including the dates during which personnel worked at the Clinics, their titles and duties, any relevant licenses they held, and any relevant training or education they received. Nor do the Clinics provide any information regarding the "contracted parties" referenced in their Initial Disclosures. (Ex. 21 at 3.)

- <u>Software used by the Clinics:</u>  Defendants indicate they use "E Thomas billing software" but do not explain the dates when the software was used or provide any other information relating to the software. (*See* Ex. 2 (Clinics' ROG Resp. No. 23); Exs. 3-4 (J. & R. Labib's ROG Resp. No. 20).) Nor do Defendants indicate whether their billing software is or has been used to prepare the medical records submitted to State Farm Mutual. This information is relevant to assessing the operation of Defendants' fraud scheme, including how Defendants and others at their direction prepare, maintain, and submit electronic medical and billing records.

These deficiencies and refusal to produce any relevant information are improper.

### 4. Defendants' interrogatory responses are not verified.

Finally, Defendants' interrogatory responses are improper because they are not verified. FRCP 33(b)(5) ("The person who makes the answers [to interrogatories] must sign them[.]"). Without verifications, Defendants have not answered State Farm Mutual's interrogatories. *See Miller*, 2019 WL 6872968, at *11 ("Without a signature, Miller did not answer Defendants' interrogatories.").

**B.      Defendants' Objections Also Lack Merit.**

**1.      Defendants lack a good faith basis to object to requests seeking information regarding their own Counterclaim.**

Defendants countersued State Farm Mutual for defamation. (ECF 21.) State Farm Mutual thus served Defendants with interrogatories and document requests asking them to produce basic information about their Counterclaim. (*See supra* Section IV.A.1; Exs. 2-4 (ROG Resp. Nos. 1-9); Ex. 5 (RFP Resp. Nos. 3-9).) State Farm Mutual's requests are relevant to each element of Defendants' defamation count. *See Andrews v. Prudential Sec., Inc.*, 160 F.3d 304, 408 (6th Cir. 1998). Defendants do not lodge any valid objection, as noted above, and their refusal to provide responsive information severely prejudices State Farm Mutual's effort to defend itself. They should be compelled to produce all responsive information. *See Physiomatrix, Inc.*, 2013 WL 12233557, at *3.

**2.      The financial information State Farm Mutual seeks is highly relevant to the alleged fraud scheme.**

Defendants have refused to produce (1) tax returns, including K-1s, W-2s, and 1099s; (2) other basic financial documents, including general ledgers and financial statements for the Clinics, and investments, payments, and distributions Joseph Labib and Renee Labib have made to or received from the Clinics; (3) information identifying healthcare-related businesses other than the Clinics in which Joseph Labib has a financial interest; and (4) information identifying bank accounts held by Defendants.  (*See* Ex. 1 (Clinics' ROG No. 13; J. Labib's ROG

No. 13; J. & R. Labib's ROG No. 14); Ex. 5 (RFP Nos. 1 and 17-19).) The requested information is relevant to claims and defenses at issue in the litigation.

For example, knowledge and intent are elements of State Farm Mutual's fraud and civil conspiracy claims, and financial records, including tax returns, general ledgers, financial statements, and information identifying ownership interests in businesses and bank accounts, will help assess Defendants' motive, intent, and knowledge regarding their fraud scheme. Moreover, financial records, tax records, and information on other business (*e.g.*, patient transportation companies) will illuminate the operation and scope of, as well as the participants involved in, the alleged scheme. As a result, numerous courts in this district and across the country have recognized these as proper inquiries for discovery of financial information. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Spine Specialists of Michigan, P.C., et al.*, 2016 WL 8787121, at *4 (E.D. Mich. Mar. 14, 2016); *State Farm Mut. Auto. Ins. Co. v. Warren Chiropractic & Rehab Clinic P.C., et al.*, 2015 WL 4094115, at *6 (E.D. Mich. July 7, 2015). The Court should order Defendants to provide this information.

### 3. State Farm Mutual's remaining requests seek information relevant to the claims and defenses at issue in this lawsuit.

State Farm Mutual's remaining requests are highly relevant to the claims and defenses at issue in this lawsuit, for the following reasons:

- <u>Requests regarding the management and operation of the Clinics</u>[8]: These requests are highly relevant to (1) identify all individuals involved in the alleged scheme and how the Clinics operated; (2) identify the format, type, and location of communications between Defendants and with third-parties such as patients; and (3) identify how Defendants and others working on their behalf prepared the fraudulent medical records and bills submitted to State Farm Mutual to further their scheme to obtain No-Fault benefits.

- <u>Requests regarding individuals likely to have personal knowledge of relevant facts</u>[9]: These requests are critical to State Farm Mutual's ability to prepare its defense to Defendants' Counterclaim and identify witnesses for depositions and trial. As noted above, Defendants' have not identified the individuals mentioned in their responses and Initial Disclosures. (*See supra*, Section IV.A.3.) Defendants should be ordered to specifically identify all individuals who are likely to have personal knowledge of facts alleged in the Complaint, Answers, Affirmative Defenses, and the Counterclaim.

- <u>Requests relating to Defendants' efforts to procure, recruit, and solicit patients</u>[10]: These requests are relevant to an understanding of how Defendants obtained patients and the manner in which the scheme functioned, and identifying others who may have participated in the scheme.

- <u>Requests regarding Joseph Labib's and Renee Labib's training and education</u>[11]: These requests are relevant to assess Joseph Labib's and Renee Labib's qualifications for administering and/or supervising the healthcare services at issue in the Complaint.

- <u>Requests regarding other investigations, proceedings, and lawsuits involving Defendants</u>[12]: These requests will help assess Defendants' motive, intent, and

---

[8] *See* Ex. 1 (Clinics' ROG Nos. 11, 15, 16, 18, 21-22, and 23; J. & R. Labib's ROG Nos. 16, 17, 19, and 20). During the parties' meet-and-confer, State Farm Mutual agreed to limit Clinics' ROG No. 18 to templates used by the Clinics and their providers to document healthcare services rendered to patients at issue.

[9] *See* Ex. 1 (Clinics' ROG No. 24; J. & R. Labib's ROG No. 21).

[10] *See* Ex. 1 (Clinics' ROG Nos. 17, 19, 20, and 21-22).

[11] *See* Ex. 1 (J. & R. Labib's ROG No. 18).

[12] *See* Ex. 1 (J. & R. Labib's ROG No. 15). During the parties' meet-and-confer, State Farm Mutual clarified that it is not seeking information relating to any civil lawsuits Defendants have filed against insurers for payment of their bills.

knowledge regarding the alleged scheme by revealing whether they have previously been or currently are the subjects of any other investigations, proceedings, and lawsuits relating to the provision of healthcare services, billing for services, and licensing issues, as alleged in the Complaint.

Accordingly, because these requests are relevant to the claims and defenses at issue in the Complaint and Defendants' Counterclaim and proportional to the needs of the case, Defendants should be ordered to provide full answers to State Farm Mutual's interrogatories and produce all materials responsive to its document requests.

## V.   CONCLUSION

State Farm Mutual respectfully requests the Court to enter an Order: (1) compelling Defendants to provide full and complete answers to the interrogatories listed in Exhibit 1 within seven (7) days; (2) compelling Defendants to produce all documents responsive to State Farm Mutual's document requests within seven (7) days; (3) extending by three (3) months State Farm Mutual's obligation to meet the deadlines listed in the Scheduling Order for identifying lay and expert witnesses, disclosing its expert witness, serving its expert report, and the fact discovery cut-off; and (4) awarding State Farm Mutual's reasonable expenses incurred in making this Motion, including its attorney's fees.

By:   /s/ Michael J. Powers
John W. Reale
Michael J. Powers
Katten Muchin Rosenman LLP
525 W. Monroe St.

24

Chicago, IL  60661
john.reale@katten.com
michael.powers@katten.com

*Attorneys for Plaintiff State Farm Mutual
Insurance Company*

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on March 13, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will cause notice to be sent to all counsel of record.

By:   <u>/s/ Michael J. Powers</u>
       Attorney for Plaintiff