UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL,
AUTOMOBILE
INSURANCE CO.,

Civil Action No.: 18-13257
Honorable Linda V. Parker
Magistrate Judge Elizabeth A. Stafford

Plaintiff

v.

MAX REHAB PHYSICAL
THERAPY, LLC, *et al*.,

Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT
MOTION FOR DEFAULT JUDGMENT (ECF NO. 99), AND TO FIND
OTHER PENDING MOTIONS MOOT
(ECF NO. 66; ECF NO. 67; ECF NO. 79; ECF NO. 101)**

## I.    INTRODUCTION

Plaintiff State Farm Mutual Automobile Insurance Company sues Max
Rehab Physical Therapy, LLC, Maximum Rehab Physical Therapy, LLC,
Joseph Labib, and Renee Labib, alleging that defendants engaged in a
fraudulent patient billing scheme.  ECF No. 1.  After more than two years
and repeated motions to compel, and with discovery now closed, State
Farm moves for default judgment against defendants, arguing that they
have failed to fully respond to its discovery requests in violation of court

orders.  ECF No. 99.  The Court held an evidentiary hearing on State Farm's motion and recommends that it be granted, followed by an evidentiary hearing to decide damages.

## II.    BACKGROUND

In December 2019, State Farm served defendants with three sets of interrogatories and a request to produce documents.  ECF No. 38-2; ECF No. 38-3; ECF No. 38-4; ECF No. 38-5; ECF No. 38-6.  In a July 2020 order, the Court found that defendants failed to respond timely to State Farm's December 2019 discovery requests, and that defendants had made meaningless boilerplate objections that amounted to a waiver of the objections.  ECF No. 50, PageID.750 (citing *Siser N. Am., Inc. v. Herika G. Inc*., 325 F.R.D. 200, 210 (E.D. Mich. 2018)).  The Court ordered defendants to fully respond to State Farm's discovery requests by August 17, 2020.  *Id*.  Citing Federal Rule of Civil Procedure 37(b)(2)(A), the Court warned defendants that they will face more sanctions if they failed to comply with the order.  *Id*., PageID.775.  Despite that warning, defendants violated the July 2020 order and State Farm moved for sanctions.  ECF No. 55.  State Farm also moved to compel answers to a second set of requests for production of documents.  ECF No. 54.

2

Defendants changed counsel in October 2020.  ECF No. 60.  The
parties then stipulated to adjourn the discovery deadline for three months,
and for defendants to "immediately begin production of all outstanding
materials and information that are the subject of State Farm Mutual's
pending motion for sanctions and second motion to compel, which
Defendants will aim to complete within the next three to four weeks."  ECF
No. 61, PageID.1099-1100.  In an order, the Honorable Linda V. Parker
approved the stipulation and extended State Farm's discovery deadline
until February 8, 2021, but said that "NO FURTHER EXTENSIONS WILL
BE GRANTED."  ECF No. 61 (capitalization in original).

In January 2021, State Farm renewed its motions for sanctions and to
compel discovery, arguing that defendants violated the July 2020 order and
had not provided responses or documents requested in its second set of
document requests.  ECF No. 66; ECF No. 67.  Defendants' second
attorney moved to withdraw as counsel before the responses to the
motions were due and before the scheduled hearing.  ECF No. 69, 70.  The
Court thus adjourned the hearing on State Farm's renewed motions and
gave defendants more time to respond to the motions.  ECF No. 74,
PageID.1650; ECF No. 75.  Current counsel for defendants then appeared

3

and responded to the pending motions.[1]  ECF No. 78; ECF No. 79; ECF No. 82; ECF No. 84.

During a March 2021 hearing, State Farm detailed its allegations that defendants failed to respond to discovery requests in violation of the discovery orders; misrepresented the existence of discovery, including in statements made under oath; and failed to preserve evidence.  As relief, State Farm requested that the Court appoint a forensic investigator at defendants' expense to examine their electronic devices and email accounts, and to allow State Farm to conduct out-of-time discovery, including depositions.  ECF No. 89, PageID.2087.  State Farm contended that the Court should enter a default judgment against defendants if their violations were not cured by the forensic investigation and out-of-time discovery.  *Id.*

The Court found that granting State Farm's requests for a forensic investigation and unspecified out-of-time discovery would contravene Judge Parker's order that no more extensions of the scheduling order would be granted.  ECF No. 95.  It concluded that if State Farm's

---

[1] Defendants said that they tried to respond to the renewed motion to compel discovery but filed the wrong document.  ECF No. 85; ECF No. 90. The day before the March 2021 hearing, defendants moved for leave to file another response to the renewed motion to compel, but the Court denied that motion.  ECF No. 90; ECF No. 94.

4

allegations were true, defendants had committed violations that would

support sanctions, including a possible default judgment against

defendants.  *Id.*, PageID.2152-2153 (citing *KCI USA, Inc. v. Healthcare*

*Essentials, Inc.,* 801 F. App'x 928, 934 (6th Cir. 2020); *Stooksbury v. Ross*,

528 F. App'x 547, 554 (6th Cir. 2013)).  Thus, rather than enter an order for

the extensive continuing discovery suggested by State Farm, the Court

ordered State Farm to file a motion for default judgment with proofs of the

allegations made during the March hearing, and held an evidentiary

hearing on May 7, 2021 to determine whether a default judgment should be

entered against defendants.  ECF No. 95; ECF No. 99; ECF No. 105.

## III.   ANALYSIS

A district court may sanction parties with entry of default judgment for

discovery abuses.  *KCI*, 801 F. App'x at 933 (citing Rule 37(b)(2)(A)(vi)).

> Courts consider four factors in this analysis:
> 1) whether the disobedient party acted in willful bad faith;
> 2) whether the opposing party suffered prejudice;
> 3) whether the court warned the disobedient party that failure to cooperate could result in a default judgment; and
> 4) whether less drastic sanctions were imposed or considered.

*Id.* at 934.  Although no one factor is dispositive, bad faith is the preeminent

consideration.  *Id.; United States v. Reyes*, 307 F.3d 451,458 (6th Cir.

2002); *Schafer v. City of Defiance Police Dept*., 529 F.3d 731, 737 (6th Cir.

2008).  Default judgment is proper against a defendant who has engaged in

contumacious conduct, perverse resistance of authority, or stubborn disobedience. *Id.*

Default judgment as a sanction is warranted when "no alternate sanction would protect the integrity of the pre-trial proceedings." *Buck v. U.S. Dept. Of Agriculture, Farmers Home Admin*., 960 F.2d 603, 608 (6th Cir. 1992); *see also Annabel v. Erichsen*, No. 15-10345, 2019 WL 2218766, at *2 (E.D. Mich. Mar. 15, 2019), *adopte*d, No. 2:15-CV-10345, 2019 WL 1760290 (E.D. Mich. Apr. 22, 2019) (recommending default judgment after lesser sanctions failed to spur compliance with discovery orders). Although entry of default judgment is a drastic measure, "the district court does not abuse its discretion in entering a default judgment where a party has the ability to comply with a discovery order and does not." *Stooksbury*, 528 F. App'x at 552 (internal quotation omitted).

Applying the factors described in *KCI*, the Court finds that a default judgment should be entered against defendants.

## A.

As noted, the most important consideration is whether defendants "acted in willful bad faith." *KCI*, 801 F. App'x at 934. Courts find willful bad faith when the party "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those

6

proceedings." *Schafer*, 529 F.3d at 737.  Defendants here have acted in
willful bad faith.

First, defendants violated two orders for them to produce all
requested documents.  In July 2020, this Court's order described
defendants' repeated delays and egregious deficiencies in responding to
State Farm's discovery requests.  ECF No. 50.  The Court rebuked
defendants for lobbing 18 meaningless boilerplate objections, which they
admitted to applying "cut and paste" to every request for production of
documents.  ECF No. 38-2; ECF No. 38-3; ECF No. 38-4; ECF No. 38-5;
ECF No. 50, PageID.749-751.  The Court ordered defendants to respond
completely to the discovery requests by August 17, 2017, but they violated
that order and then violated the October 2020 order that they produce all
outstanding material within the next three to four weeks.  ECF No. 50*;* ECF
No. 61.  Defendants violation of the discovery orders supports a finding of
willful bad faith.  *See KCI*, 801 F. App'x at 935 (finding that defendant's
failure to turn over electronic devices supported willful bad faith).

State Farm's motion for default judgment details more evidence that
defendants have either intentionally or recklessly thwarted their discovery
obligations, and that their violations have been pervasive.  For example,
defendants at first denied that they used email, phones, or computers for

7

business purposes.  ECF No. 99-10, PageID.2416; ECF No. 99-11, PageID.2434-2435; ECF No. 99-12, PageID.2452-2453.  These absurd denials were proven untrue when third-party subpoenas revealed copies of business and patient-related email and text messages to and from defendants.  ECF No. 99-2, PageID.2271-2278.[2]  From about 300 emails produced by third parties, State Farm identified 12 email accounts.  ECF No. 99-2, PageID.2275-2276; ECF No. 99-4; ECF No. 99-24.  But defendants produced only 39 emails for the period beginning in 2012, and from only two of the emails accounts that State Farm discovered.  ECF No. 99-2, PageID.2276.  And none of those 39 emails were from two email addresses defendants acknowledge using for business— info@maxrehabcenter.com and maxrehab4@outlook.com.  *Id*., PageID.2276-2277.

Defense counsel signed supplemental responses to discovery requests in February 2021 stating that all available documents, including the requested emails, were uploaded to a cloud storage and were

---

[2] State Farm's counsel, Michael Powers, provided a recitation of defendants' discovery conduct in a sworn declaration submitted with State Farm's motion for default judgment.  ECF No. 99-2.  Defendants did not object to submitting Mr. Powers' declaration as evidence and did not accept the Court's invitation to cross-examine him.  ECF No. 105, PageID.3186-3187.

accessible through a hyperlink.  ECF No. 99-22; ECF No. 99-23.  The

representation of a responding party's attorney that no other documents

exist "is sufficient to defeat a [discovery motion] absent credible evidence

that the representation is inaccurate." *Phoenix Process Equip. Co. v.*

*Capital Equip. & Trading Corp.,* 2021 WL 1062553, at \*4 (W.D. Ky. Mar. 19,

2021) (quoting *Snyder v. Fleetwood RV, Inc.,* 2016 WL 339972, at \*6 (S.D.

Ohio Jan. 28, 2016) (internal quotation marks omitted).  Credible evidence

includes presentation of responsive documents that the moving party

obtained from another source or testimony showing knowledge of the

existence of responsive documents.  *Id.*

  With the evidence that defendants have produced only 39 emails

from only two email accounts, their claim that they have produced all

responsive emails strains credulity.  And during the evidentiary hearing,

counsel for defendants acknowledged that no one from his firm searched

the email accounts from which no emails were produced.  ECF No. 105,

PageID.3240-3241.  Counsel instead relied on his clients' assertion that

they had searched those accounts and found no business or patient related

emails.  ECF No. 105, PageID.3240-3241; ECF No. 99-24.  "Blindly relying

on a client about the identification, preservation, and collection of ESI is . . .

not reasonable," especially when the client has been known to be less than

candid.  *DR Distributors LLC v. 21 Century Smoking, Inc.* ___ F. Supp. 3d

___, 2021 WL 185082, at *64 (N.D. Ill. Jan. 19, 2021).

Finally, Joseph Labib submitted an affidavit with a plainly false claim

that defendants had comprehensively searched for ESI and produced "all

emails to Plaintiffs relative to the discover requests."  ECF No. 99-24,

PageID.2597.  Defendants did not search or preserve Joseph Labib's smart

phone and at least two computers an employee used for her work for

defendants.  ECF No. 105, PageID.3208-3209, 3213, 3216, 3232; ECF No.

99-24; ECF No. 99-32, PageID.2709-2711; ECF No. 99-49, PageID.2908-

2912.  Labib testified that, during the litigation, he traded-in his iPhone for a

new phone and took no steps to preserve business related text messages

stored on the surrendered phone.  ECF No. 99-32, PageID.2709-2711.

Labib denied preserving any documents, emails, or texts related this

lawsuit, and he did not instruct any of his employees to preserve relevant

data.  *Id*., PageID.2708.

One of defendants' key employees, Dina Asmar, corroborated during

her deposition that no one told her to preserve or search for any electronic

records.  ECF No. 99-49, PageID.2896-97, 2908-2912.  Asmar used two

computers at home to access patient files and input data related to patient

treatment.  *Id*., PageID.2908-2914.  But she knew nothing about the lawsuit

until September 2020.  *Id*., ECF No.2896.  State Farm was unable to

secure Asmar's deposition until February 2021, the day after it moved to

compel the depositions of defendants and their employees after months of

trying to schedule them.  *See* ECF No. 79.  Yet, when her deposition finally

went forward, Asmar still had not been asked to preserve any documents.

ECF No. 99-49, PageID.2911-2912.

At the evidentiary hearing, counsel for defendant asserted that one of

the employee's computers was broken, but he did not suggest that

defendants made any attempt to access responsive documents or ESI

stored on the nonoperational computer.  ECF No. 105, PageID.3232-3233.

Defendants make no serious argument that they could not comply with the

Court's orders relating to State Farm's discovery requests.  *See KCI,* 801

F. App'x at 935 (defendant acted bad faith by failing to produce evidence

and "offer[ing] no serious argument that he was incapable of complying"

with discovery requests).  Defendants' failure to identify, preserve, and

search devices storing requested patient and other business records

requested by State Farm is glaring evidence of their willful defiance with

court-ordered discovery.

More proof abounds.  Defendants have produced no 1099 forms for

any contractors they paid, and they produced only three years of the

11

requested K-1 forms reflecting equity distributions to the individual defendants.  ECF No. 105, PageID.3210; ECF No. 99-45.  Depriving State Farm of critical discovery, defendants also produced no records for 24 relevant patients at issue in the case, nor billing and other records for many other patients.  ECF No. 105, PageID.3213; ECF No. 99-2, PageID.2272-2274.  Defendants also destroyed and discarded patient and scheduling records despite their critical relevance to State Farm's allegations that defendants engaged in fraudulent patient billing.  Both Joseph and Renee Labib testified to destroying handwritten patient notes, even after the October 2018 inception of this action.  ECF No. 99-32, PageID. 2745; ECF No. 99-34, PageID.2782-2785, 2793.  And counsel for defendants acknowledged that they disposed of all appointment books from before 2020.  ECF No. 99-59, PageID.2981.

State Farm and this Court have been ringing alarms about defendants' discovery failures for the past year, but defendants' approach to their discovery obligations remained dismissive and cavalier, and likely intentionally obstructive.  Defendants' persistent noncompliance with discovery rules and the orders to enforce them comprises willful bad faith, satisfying the first prong of the default judgment analysis.  *See KCI,* 801 F. App'x at 935; *Stooksbury*, 528 F. App'x at 552-553.

12

**B.**

The prejudice factor also favors the entry of default judgment.  "A party is prejudiced when it is unable to secure the information requested and required to waste time, money, and effort in pursuit of cooperation which the opposing party was legally obligated to provide."  *Barron v. University of Michigan*, 613 F. App'x 480, 485 (6th Cir. 2015) (quotation and marks omitted).  After more than two years of State Farm's diligent efforts and two orders for defendants to fully respond to discovery requests, defendants produced only 39 emails, no records for two dozen patients, and incomplete records for many others at issue in this litigation.  ECF No. 99-2, PageID.2274-2275; ECF No. 99-4.

Much of the discovery defendants produced and key depositions came near or after the close of discovery.  ECF No. 99-2, PageID.2270-2271, 2273.  "[I]n cases like this one, where the obstruction prevented the other party from accessing evidence needed" to prosecute the case, default is the appropriate sanction.  *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 378 (6th Cir. 2008); *see also, KCI,* 801 F. App'x at 935.

**C.**

The third factor addresses whether the Court warned defendants that failure their cooperate could lead to a default judgment.  Although an earlier

13

warning is relevant, it is not required when there is evidence of bad faith or contumacious conduct.  *Harmon v. CSX Transp., Inc.,* 110 F.3d 364, 368 (6th Cir. 1997); *Annabel*, 2019 WL 2218766, at *5.  For the reasons stated, the Court finds that defendants engaged in bad faith and contumacious conduct.

And defendants *were* warned that their disobedience could prompt a default judgment against them.  In the July 2020 order, the Court granted State Farm's motion for attorney's fees and costs, and warned defendants that they would face more sanctions under Rule 37(b)(2)(A) if they violated the order.  ECF No. 50, PageID.754-755.  One sanction under that rule allows a court to enter a default judgment against a party who disobeys a discovery order.  Rule 37(b)(2)(A)(vi).  The Court explicitly warned defendants that it was considering default judgment as a sanction in the March 2021 order for an evidentiary hearing.  ECF No. 95, PageID.2152-2153.  "Notice is satisfied."  *KCI*, 801 F. App'x at 936.

### D.

The last factor—whether lesser sanctions have been imposed or considered—supports granting State Farm's motion for default judgment. The Court imposed lesser sanctions in the July 2020 order, but defendants violated that order and the one to which they stipulated in October 2020.

14

ECF No. 50; ECF No. 61.  And it is too late for lesser sanctions to remedy the prejudice to State Farm; discovery is closed and Judge Parker will allow no more extensions of discovery.  ECF No. 61; ECF No. 62.  Thus, default judgment is the only sanction that "would protect the integrity of the pre-trial proceedings."  *Buck,* 960 F.2d at 608.

## IV.   CONCLUSION

The Court **RECOMMENDS** that State Farms motion for default judgment, **ECF No. 99**, be **GRANTED**.  The amount of the damages should be determined in a separate hearing.  If this recommendation is adopted, the other pending motions would be moot.  ECF No. 66; ECF No. 67; ECF No. 79; ECF No. 101.

                                        s/Elizabeth A. Stafford
                                        ELIZABETH A. STAFFORD
Dated: June 28, 2021                    United States Magistrate Judge


## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party fails to timely file specific objections, any further appeal

is waived.  *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*.*  And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains.  Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 28, 2021.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
