UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>                        Plaintiff,<br><br>v.<br><br>MAX REHAB PHYSICAL THERAPY, LLC, *et al.*,<br><br>                        Defendants. | Case No. 18-cv-13257<br>Honorable Linda V. Parker<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT PLAINTIFF'S REQUEST FOR DAMAGES AND DECLARATORY RELIEF (ECF NO. 115)**

### I.   Introduction

In September 2021, the Court entered default judgment against Defendants Max Rehab Physical Therapy LLC, Maximum Rehab Physical Therapy LLC, Joseph Labib, and Renee Labib, as a sanction for their discovery abuses. ECF No. 106; ECF No. 107. The Honorable Linda V. Parker referred the matter to the undersigned under 28 U.S.C. § 636(b)(1)(B) for a hearing and recommendation on damages. ECF No. 107. Plaintiff State Farm Mutual Automobile Insurance Company seeks an

award of $1,410,308.00 and a declaratory judgment that it need not pay any unpaid claims or charges submitted by defendants while this case has been pending. ECF No. 115, PageID.3861. After reviewing the record, the Court **RECOMMENDS** that State Farm's request be **GRANTED**.

## II.     Background

State Farm claims that since October 2012, defendants—physical therapy providers and their owners-operators—submitted fraudulent claims for no-fault benefits for treatment of patients who were in auto accidents. ECF No. 1, PageID.1-2, 4. Defendants allegedly billed for services that were either never performed or that were not medically necessary. *Id.* at PageID.2. Specifically, they provided the same predetermined course of treatment for every patient without evaluating or treating patients' unique circumstances or needs. *Id.* at PageID.2-4, 12, 23. Through this scheme, defendants allegedly sought to increase the charges submitted for payment to State Farm. *Id.* at PageID.4, 24.

State Farm asserts claims of common law fraud, unjust enrichment, and civil conspiracy. *Id.* at PageID.36-39. It seeks monetary damages and declaratory judgment that it is not required to pay any unpaid claims and charges submitted to State Farm while this case has been pending. *Id.* at PageID.37-40. Adopting the Court's report and recommendation (R&R),

Judge Parker entered default judgment against defendants. ECF No. 106, ECF No. 107. After meeting and conferring about the amount of damages, the parties could not agree and filed a joint statement of unresolved issues. ECF No. 112. They also filed supplemental briefs on the unresolved issues. ECF No. 115; ECF No. 116; ECF No. 117.

### III. Analysis

#### A.

When default judgment is entered, "the well pleaded factual allegations in the [c]omplaint, except those relating to damages, are taken as true." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006). But "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *HTS, Inc. v. Boley*, 954 F. Supp. 2d 927, 947 (D. Ariz. 2013) (internal quotation marks omitted). So "[e]ven after default…it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit conclusions of law." 10A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 2688.1 (4th ed. 2022).

Damages must also be proved. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995). While courts typically hold evidentiary hearings

3

on damages, they are unnecessary "if sufficient evidence is submitted to support the request for damages or if the amount claimed is one capable of ascertainment from definite figures in the documentary evidence or affidavits." *Mexico Bus. Contacts, S.C. v. Alken-Ziegler, Inc.*, No. 12-13529, 2012 WL 5379151, at *2 (E.D. Mich. Oct. 11, 2012) (internal quotation marks and citations omitted). A plaintiff's burden in proving damages "is relatively lenient," as the plaintiff "need only prove that the compensation sought relates to the damages that naturally flow from the injuries pled." *HTS*, 954 F. Supp. 2d at 947-48 (internal quotation marks omitted). And "broad latitude is allowed in quantifying damages, especially when the defendant's own conduct impedes quantification." *BCS Servs., Inc. v. Heartwood 88, LLC*, 637 F.3d 750, 759 (7th Cir. 2011) (internal quotation marks omitted).

Since defendants present no evidence and rely on legal arguments, the Court may determine the amount of damages from the briefing.

**B.**

State Farm seeks monetary damages on its fraud and unjust enrichment claims, as well as declaratory relief. ECF No. 115, PageID.3848. The Court considers whether (1) the factual allegations

4

support the claims asserted, (2) State Farm has proved its monetary damages, and (3) State Farm is entitled to declaratory relief.

**1.**

Defendants do not dispute that the factual allegations support State Farm's fraud and unjust enrichment claims.  *See* ECF No. 116.

To succeed on a fraud claim, a plaintiff must prove "(1) the existence of a knowing or reckless material misrepresentation, (2) reliance, and (3) injury."  *Rivet v. State Farm Mut. Auto. Ins. Co.*, 316 F. App'x 440, 443 (6th Cir. 2009) (citing *Hord v. Envtl. Research Inst. of Mich.*, 463 Mich. 399, 404 (2000)).  Here, State Farm has alleged that defendants intentionally made fraudulent statements by submitting "thousands of bills and related documentation for services that either were not performed, or…were [not] medically necessary."  ECF No. 1, PageID.36.  According to State Farm, defendants intentionally submitted documentation that was cursory, incomplete, and generic and that reflected non-credible patterns.  *Id.* at PageID.14-28.  And they falsely stated that they fully examined patients to determine their injuries and that the prescribed treatment was medically necessary.  *Id.* at PageID.36-37.  Relying on these misrepresentations, State Farm paid more than $1 million in no-fault benefits.  *Id.*  Thus, State Farm has pleaded the elements of a fraud claim.

An unjust enrichment claim has two elements: "'(1) receipt of a benefit by the defendant from the plaintiff and (2) an inequity resulting to plaintiff because of the retention of the benefit by defendant.'" *Ferndale Labs., Inc. v. Schwarz Pharma, Inc.*, 123 F. App'x 641, 652 (6th Cir. 2005) (quoting *Barber v. SMH (US), Inc.*, 202 Mich. App. 366, 375 (1993)). State Farm alleges that it paid defendants on the fraudulent claims. ECF No. 1, PageID.38. Since defendants benefitted from their wrongful conduct, State Farm asserts "it would be unjust and inequitable to allow them to retain the benefit of the monies paid." *Id.* These pleadings support an unjust enrichment claim.

**2.**

To prove its monetary damages, State Farm relies on Exhibits 2 and 4 to the joint statement. These exhibits are charts—derived from State Farm's internal recordkeeping database—that document billing and payment data for the claims submitted by defendants. ECF No. 112-3; ECF No. 112-5.[1] Exhibit 2 contains individualized entries for each service

---

[1] The charts were prepared by analyst Chad Davis under the supervision of Brian Radcliff, a team manager in the special investigative unit. ECF No. 122-2. Radcliff serves as State Farm's records custodian and supplied a declaration summarizing the charts and describing State Farm's recordkeeping procedures. *Id.*

defendants submitted for payment.  ECF No. 112-3.  Each entry includes a claim number, a bill identification number ("bill ID"), the patient's initials, the date of service, the amount defendants billed for the service, the total amount State Farm paid for each bill ID, and the total amount State Farm paid for each patient.  *Id.*  From that data, State Farm created Exhibit 4, which summarizes the total amount State Farm paid defendants for each patient.  ECF No. 112-5.  Adding these amounts yields a grand total of $1,410,308.08 in payments to defendants that State Farm seeks to recover.  *Id.* at PageID.3829.

Defendants argue that they found no payment records for some entries listed in Exhibit 2 and that State Farm must produce copies of the payment checks defendants cashed as the best evidence of its damages.[2]  ECF No. 116, PageID.4175-4177.  But defendants do not identify which services they claim were unpaid.  And while Federal Rule of Evidence 1002 generally requires an original writing to prove its content, Exhibits 2 and 4 are admissible to prove State Farm's damages.

---

[2] State Farm contends that the checks are in defendants' possession and were produced in discovery.  ECF No. 112, PageID.112; ECF No. 112-2, PageID.3315 n.2; ECF No. 117, PageID.4185.  But defendants say that State Farm refused to produce the checks.  ECF No. 112, PageID.111-112.

7

Although Exhibit 2 contains information copied from defendants' bills and State Farm's payments, it is admissible under Federal Rule of Evidence 803(6), the hearsay exception for records of a regularly conducted activity. Business records are not excluded as hearsay if a records custodian shows that: (1) the record was created at or near the time by someone with knowledge; (2) the record was kept during a regularly conducted activity; and (3) making the record was a regular practice. Fed. R. Evid. 803(6). "The business records exception is based on the indicia of reliability that attaches to a record created or maintained by an employer in the ordinary or regular course of their business." *Cobbins v. Tenn. Dep't of Transp.*, 566 F.3d 582, 588 (6th Cir. 2009).

State Farm meets each of these requirements. Radcliff stated that Exhibit 2 contains data retrieved from State Farm's database that was filtered to report only the claims made by defendants. ECF No. 112-2, PageID.3314. State Farm collects, preserves, and maintains that information in its database "in the course of its regularly conducted business," and it is State Farm's practice "to routinely maintain and preserve such data each time a bill is received and processed by State Farm Mutual." *Id.* at PageID.3314-3315. Thus, it is State Farm's regular practice to record this data every time it receives a bill and processes

8

payment. The Sixth Circuit has upheld the admission of similar data compilations or general ledgers as business records rather than finding them to be summaries governed under Federal Rule of Evidence 1006. *United States v. Moon*, 513 F.3d 527, 544-45 (6th Cir. 2008). Exhibit 2 is admissible as evidence of State Farm's damages.

Exhibit 4 is admissible as a summary of a voluminous writing. Summaries are admissible under Rule 1006 to prove the content of other documents if: (1) the documents are so numerous that comprehension is difficult and inconvenient, (2) the proponent of the summary has made the documents available for examination or copying, (3) the underlying documents are admissible, (4) the summary is accurate and nonprejudicial, and (5) the proponent lays a proper foundation through the testimony of the witness who supervised its preparation. *United States v. Bray*, 139 F.3d 1104, 1109-10 (6th Cir. 1998).

State Farm maintains that Exhibit 4 summarizes thousands of defendants' bills "for over 2,300 unique dates of service across 100 patients" and State Farm's payments of those bills. ECF No. 112-2. But it also summarizes Exhibit 2, which is also voluminous. It would be inconvenient and difficult to calculate State Farm's damages from Exhibit 2—a 502-page document with over 23,000 entries. *See* ECF No. 112-3.

9

State Farm has made Exhibit 2 available to defendants and the Court, and the exhibit is admissible as a business record as discussed above. Radcliff also described how Exhibit 4 was prepared and attested to the accuracy of Exhibits 2 and 4. ECF No. 112-2, PageID.3317. Thus, Exhibit 4 meets the requirements of Rule 1006 and is admissible.

Since Exhibits 2 and 4 are admissible, State Farm has proved that its monetary damages total $1,410,308.08. *See Joe Hand Promotions Inc. v. Orim, Inc.*, No. 1:10 CV 00743, 2010 WL 3931108, at *1 (N.D. Ohio Oct. 5, 2010) (an evidentiary hearing is unnecessary if damages can be proved through documentary evidence or detailed affidavits).

Defendants also raised several more arguments in the parties' joint statement that it did not address in its supplemental brief. Those arguments lack merit.

First, defendants contend that State Farm cannot prove that claims submitted after October 2018 were fraudulent, as they altered their practices and ceased making allegedly fraudulent claims after State Farm filed the complaint. ECF No. 112, PageID.3303. But State Farm has shown that the patterns described in its complaint continued after this action was filed. Joshua H. Levin, M.D., State Farm's medical expert, reviewed medical records and claims submitted after October 2018. *See,*

10

*e.g.*, ECF No. 115-3, PageID.3894, 3928, 3930; ECF No. 115-4, PageID.3961-3962. He opined that those records reflected non-credible patterns and a predetermined course of treatment that was not medically necessary. ECF No. 115-3, PageID.3885; ECF No. 115-4, PageID.3960. For example, Dr. Levin noted that while one patient was not in the United States from August 2019 to March 2020, defendants billed for treatment during that time. ECF No. 115-3, PageID.3894; ECF No. 115-10; ECF No. 115-11. And although another patient stated he did not seek treatment with defendants after March 2020, defendants billed for treatment in July 2020. ECF No. 115-13; ECF No. 115-14. Defendants have not rebutted this evidence.

Second, defendants argue that State Farm cannot show that it reliance on allegedly false claims submitted after it filed the complaint was reasonable. ECF No. 112, PageID.3304. A plaintiff claiming fraud must show that his reliance on a misrepresentation was reasonable. *Nieves v. Bell Indus., Inc.*, 204 Mich. App. 459, 464 (1994). But reasonable reliance is not an element of an unjust enrichment claim. *See Ferndale Labs*, 123 F. App'x at 652. Even if State Farm's reliance on the allegedly fraudulent bills after filing its complaint was unreasonable, it can still recover its payments under the unjust enrichment claim.

Third, defendants argue that State Farm has not right to recover $1,410,308.08 because defendants did not receive payments totaling that amount. ECF No. 112, PageID.3304. Defendants claim that almost all payments were made because of litigation to an attorney who collected a 25% to 33% fee. *Id.* But based on his review of State Farm's database, Radcliff stated that Exhibit 2 included only payments State Farm made directly to defendants. ECF No. 112-2, PageID.3316. It excluded any payments made to settle lawsuits or paid to law firms, attorneys, or insureds. *Id.* Although defendants urged the Court to permit more briefing because "[t]he attorney liens can be verified and easily proved by through [sic] evidence of court case numbers," they did not address the issue in their supplemental brief. ECF No. 112, PageID.3304. Thus, the Court rejects their argument.

**3.**

Finally, State Farm seeks a declaratory judgment that it need not pay any unpaid claims and charges submitted by defendants while this case has been pending. ECF No. 115, PageID.3861.

"The Declaratory Judgment Act, 28 U.S.C. § 2201(a), permits a court to enter declaratory relief only [i]n a case of actual controversy." *Fieger v. Mich. Supreme Court*, 553 F.3d 966, 961 (6th Cir. 2009) (internal quotation

12

marks omitted). The "actual controversy" requirement is met if "the parties have adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment even though the injury-in-fact has not yet been completed." *Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 280 (6th Cir. 1997) (internal quotation marks omitted).

State Farm alleges that defendants have no right to payment on the pending unpaid claims because the charges were fraudulent. ECF No. 1, PageID.39-40. These allegations meet the actual controversy requirement and support a claim for declaratory relief. *See State Farm Mut Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 68 F. Supp. 3d 744, 756 (E.D. Mich. 2014). And State Farm's factual allegations that, from October 2012 to the present, defendants submitted claims for treatments that were either never performed or not medically necessary must be presumed true. *See Ford Motor Co.*, 441 F. Supp. 2d at 848 (factual allegations unrelated to damages are taken as true). Since those pleadings support the fraud and unjust enrichment claims as discussed above, State Farm has shown its entitlement to a declaratory judgment that it is not required to pay any of defendants' pending charges for treatment submitted during this litigation. *See State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc.*, 427 F. App'x 714, 721 (11th Cir. 2011) (affirming jury's finding that insurer "was

13

entitled to a declaration that it was not required to pay…for *all* unpaid charges because the charges were fraudulent" (emphasis added)).

Defendants make three arguments in opposition. First, they argue that the order of default judgment did not award declaratory relief. ECF No. 116, PageID.4178. Defendants note that the R&R recommending default judgment and the order adopting it referred to "damages" but not to declaratory relief. ECF No. 106, PageID.3282; ECF No. 107, PageID.3286. This myopic view lacks merit. After default judgment is entered, courts must determine the proper relief to award. *HTS*, 954 F. Supp. 2d at 947 (quoting 10A Federal Practice & Procedure § 2688) ("If the court determines that the allegations in the complaint establish liability, it must next determine the 'amount and character' of *relief* to award." (emphasis added)). This may include declaratory relief. *Allstate Ins. Co. v. Saph*, No. 13-13112, 2014 WL 3900607, at *2 (E.D. Mich. Aug. 11, 2014) (citing *Mason v. Genisco Tech. Corp.*, 960 F.2d 849, 850 (9th Cir. 1992)). And when, as here, claims for damages and declaratory relief are "closely intertwined," judicial economy favors resolving the claims simultaneously. *Pointe Physical Therapy*, 68 F. Supp. 3d at 757.

Second, defendants contend that the relief sought is too broad, as it would declare that every claim submitted by defendants in the future is

14

fraudulent without requiring individual review. ECF No. 116, PageID.4177, 4179. But State Farm does not seek to declare all future claims from defendants unpayable—only those that are now pending. Caselaw confirms that this relief is available. *Physicians Injury*, 427 F. App'x at 721; *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 107 F. Supp. 3d 772, 796-97 (E.D. Mich. 2015) (denying defendants' motion to dismiss a declaratory judgment claim because plaintiff did not identify the fraudulent claims at issue); *State Farm Mut. Auto Ins. Co. v. Cohan*, No. CV 09-2990, 2009 WL 10449036, at *4 (E.D.N.Y. Dec. 30, 2009) (granting declaratory judgment that that the insurer did not have to pay outstanding claims by the defaulting defendants), *adopted*, 2010 WL 890975 (E.D.N.Y. Mar. 8, 2010). While defendants maintain that the No-Fault Act requires insurers to review bills individually, the cited provisions do not support the argument that the declaratory relief sought is prohibited. ECF No. 116, PageID.4179. Mich. Comp. Laws § 500.3107(1)(a) governs what no-fault benefits are payable. And Mich. Comp. Laws § 500.3142 states that claims are overdue if not paid within a certain period "after an insurer receives reasonable proof of the fact and of the amount of loss sustained." Neither provision concerns what relief is available to an insurer if a provider's claims are fraudulent.

Third, defendants rely on *Williams v. Farm Bureau Mut. Ins. Co. of Mich.* in arguing that an insurer's exclusive remedy against a fraudulent claim is to deny the claim and seek attorney's fees if the provider sues for payment. ECF No. 116, PageID.4180. In *Williams*, an insured sued her insurer based on its denial of no-fault benefits. 335 Mich. App. 574, 576 (2021). The insurer claimed that the policy was void because the insured violated an antifraud provision by making false statements about the extent of her injuries. *Id.* at 576-77 (2021). The Michigan Court of Appeals held that "antifraud provisions are invalid to the degree they purport to apply to misrepresentations or fraud that occurs after the policy has been issued" but are valid as applied to fraud in the inducement or nonmandatory coverage. *Id.* at 578 (citing *Meemic Ins. Co. v. Fortson*, 506 Mich. 287, 293 (2020)). Thus, an insurer's remedy for an insured's fraudulent claim is to deny the claim and recover attorney's fees under Mich. Comp. Laws § 500.3148 if the insured sues to recover the benefits. *Id.* at 583.

*Williams* is plainly inapposite here. This case does not involve an insured's claim disputing denial of no-fault benefits. And State Farm does not seek to void or rescind a no-fault policy because of an insured's fraud. Rather, State Farm alleges fraud by a healthcare provider. Defendants' argument that an insurer's only legal recourse is to deny fraudulent charges

and wait for a provider to sue is nonsensical. Barring insurers from bringing fraud actions against providers would preclude them from recovering payments already made on fraudulent charges.

Thus, the Court finds that the declaratory relief sought should be granted.

## IV. Conclusion

The Court thus **RECOMMENDS** that State Farm's request for damages and declaratory judgment be **GRANTED** (ECF No. 115). State Farm is entitled to an award of $1,410,308.00 and a declaratory judgment that it need not pay any unpaid claims or charges submitted by defendants while this case has been pending.

s/Elizabeth A. Stafford<br>
ELIZABETH A. STAFFORD<br>
United States Magistrate Judge

Dated: September 26, 2022

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal

is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 26, 2022.

>   s/Marlena Williams
>   MARLENA WILLIAMS
>   Case Manager