UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Plaintiff,

v.

                                            Case No. 18-cv-13257
                                            Honorable Linda V. Parker

MAX REHAB PHYSICAL THERAPY, LLC,
MAXIMUM REHAB PHYSICAL
THERAPY, LLC, JOSEPH LABIB, and
RENEE LABIB,

    Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND HOLDING IN ABEYANCE IN PART PLAINTIFF'S AMENDED MOTION FOR PROCEEDINGS SUPPLEMENTARY TO JUDGMENT AND TO AVOID FRAUDULENT TRANSFERS**

On October 17, 2018, Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") filed this lawsuit against Defendants, claiming that Defendants participated in a scheme to submit fraudulent reimbursement claims to State Farm under Michigan's No-Fault Act, Mich. Comp. Laws § 500.3101. State Farm alleged that Defendants billed for medical services that were either not actually provided or were not medically necessary. On September 2, 2021, the Court granted State Farm's motion for default judgments against Defendants due to Defendants' discovery violations (ECF No. 107), and on December 1, 2022,

Judgment was entered in favor of State Farm and against Defendants, jointly and severally, in the amount of $1,410,308.00 (ECF No. 120).  Although State Farm has diligently worked to collect on the Judgment ever since, it remains unsatisfied.

During its collection efforts, State Farm learned that, a few months before the Judgment was entered, Defendant Labib transferred his interest in at least twelve properties for zero consideration, which could have been used to satisfy the Judgment.  Therefore, State Farm filed a motion asking the Court to order the parties that acquired the properties to show cause as to why: (i) they should not be made parties to this action, (ii) judgment should not be entered against them for the value of the properties, (iii) the Court should not avoid and recover the transfers of the properties in Michigan; and (iv) the Michigan properties should not be sold and the proceeds used to satisfy the Judgment.  (ECF No. 205.)  No response has been filed to State Farm's motion.  For the reasons discussed below, the Court is granting the motion in part and holding it in abeyance in part pending an evidentiary and show cause hearing.

## Background Regarding The Properties

State Farm asserts that Defendant Joseph Labib ("Labib") transferred via quit claim deed, for zero consideration, eleven Michigan properties directly from Labib or S.P.K. Property Management Services, LLC ("SPK"), a Michigan limited liability company wholly owned by him, to MDM Royalty Investments, LLC

2

("MDM"). Those properties are: (1) 5660 Houghten Drive, Troy; (2) 5600 Houghten Drive, Troy; (3) 310 N. Wilson Ave., Royal Oak; (4) 6940 Northpointe Drive, Troy; (5) 2840 Roundtree Drive, Troy; (6) 3768 Kings Point Drive, Troy; (7) 28051 Dequindre Road, Madison Heights; (8) 28 E. Jarvis Avenue, Hazel Park; (9) 5820 Wright Street, Troy; (10) 5306 Tallman Drive, Troy; and (11) 2856 Roundtree Drive, Troy. MDM is a Michigan limited liability company owned by Dina Asmar, a part-time biller and officer manager for Defendant Max Rehab Physical Therapy, LLC. All of the properties were allegedly transferred to MDM on July 15, 2020, although the deeds were recorded only on October 18, 2022.

Before the Judgment was entered, Labib also owned a home at 31832 Florence Avenue in Laguna Beach, California. (*See* ECF No. 205-5.) On July 15, 2021, Labib transferred the property via quit claim deed to SPK for no consideration. (*Id.*) Then, on December 9, 2021, SPK transferred the property via grant deed to MDM, again for no consideration. (*Id.*) A second grant deed was executed on June 22, 2022, transferring the property again to SPK. (*Id.*) According to State Farm, MDM sold the property to a third party for $2,632,500 on July 18, 2022.

During her deposition in this matter, Asmar testified that no business was ever conducted under MDM's name. (ECF No. 205-2 at PageID.5149.)

3

## Applicable Law

The Federal Rules of Civil Procedure establish the procedure for the execution of a money judgment, as well as proceedings supplementary to and in aid of judgment or execution. *See* Fed. R. Civ. P. 69(a)(1). Rule 69 instructs that the process "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id*. The relevant Michigan Court Rule provides:

> When a party to a civil action obtains a money judgment, that party may, by motion in that action or by a separate civil action:
>
> (1) obtain the relief formerly obtainable by a creditor's bill;
>
> (2) obtain relief supplementary to judgment under MCL 600.6101-600.6143; and
>
> (3) obtain other relief in aid of execution authorized by statute or court rule.

Mich. Ct. R. 2.621(A).

By law, Michigan provides a procedure by which a court can join third parties who may possess property in which a judgment debtor has an interest. Mich. Comp. Laws § 600.6128. Specifically, the statute provides in relevant part:

> (1) Where it appears to the court that:
>
> > (a) The judgment debtor may have an interest in or title to any real property, and such interest or title is disclaimed by the judgment debtor or disputed

4

>>by another person;

>>(b) The judgment debtor may own or have a right of possession to any personal property, and such ownership or right of possession is substantially disputed by another person; or

>>(c) A third party is indebted to the judgment debtor, and the obligation of the third party to pay the judgment debtor is disputed; the court may, if the person or persons claiming adversely is a party to the proceeding, adjudicate the respective interests of the parties in such debt or real or personal property, and may determine such property to be wholly or in part the property of the judgment debtor, or that the debt is owed the judgment debtor.

>(2) If the person claiming adversely to the judgment debtor is not a party to the proceeding, the court shall by show cause order or otherwise cause such person to be brought in and made a party thereto, and shall set such proceeding for early hearing.

*Id*. As the Sixth Circuit has explained:

>The statute sets forth a simple procedure for joining third parties who possess property in which the judgment debtor may have an interest. The creditor must present evidence that the judgment debtor "may have" an interest in property held by a third party. This is not an onerous burden as the word "may" indicates a possibility, not a certainty. Michigan courts consider an alleged fraudulent transferee to be a "person claiming adversely" within the meaning of MCL § 600.6128, whether or not that party affirmatively asserts his or her interest the transferred assets.

*Presidential Facility, LLC v. Pinkas*, 607 F. App'x 473, 474-75 (6th Cir. 2015) (internal citations and quotation marks omitted).

If the creditor establishes that the judgment creditor may have an interest in property held by another, the court "shall by show cause order or otherwise cause the person claiming adversely to be brought in and made a party." *Id*. at 475 (quoting Mich. Comp. Laws § 600.6128(2)) (brackets omitted). The trial court has "some discretion in deciding whether the judgment creditor has made the requisite showing, but once it decides the showing has been made, [it] must add the third party holder of the property to the proceedings." *Id*. (citations omitted).

Under Michigan law, "a person is deemed to be indebted to the judgment debtor, although any debt in question has been assigned, charged or encumbered by the judgment debtor, if the assignment, charge or encumbrance is fraudulent as against creditors or is otherwise voidable." Mich. Comp. Laws § 600.6134. Michigan law further provides that voidable transfers include those that were made:

> (1) "[w]ith the actual intent to hinder, delay or defraud any creditor of the debtor[,]" *see id.* § 566.34(1)(a);
>
> (2) "[w]ithout receiving a reasonably equivalent value in exchange for the transfer or obligation," when the judgment debtor's "remaining assets [] were reasonably small in relation to the business" or the debtor "intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due[,]" *see id*.

6

> § 566.34(1)(b)(i); or
>
> (3) "without receiving a reasonably equivalent value in exchange . . . and the debtor was insolvent at the time . . . or became insolvent as a result of the transfer or obligation[,]" *id.* § 566.35(1).

Section 566.34 sets forth criteria relevant to whether transfers were made with intent to hinder, delay or defraud: (1) the transfer was to an insider; (2) the debtor retained possession or control of the property after the transfer; (3) the transfer was disclosed or concealed; (4) before the transfer, the debtor had been sued or threatened with suit; (5) substantially all of the debtor's assets were transferred; (6) the debtor absconded; (7) the debtor removed or concealed assets; (8) the consideration received by the debtor was reasonably equivalent to the value of the asset transferred; (9) the debtor was or became insolvent shortly after the transfer; (10) the transfer occurred shortly before or shortly after a substantial debt was incurred; and (11) the debtor transferred the essential assets of the business to a lienor that transferred the assets to an insider of the debtor.  Mich. Comp. Laws § 566.34(2)(a)-(k).

    The creditor making a claim for relief under these provisions bears the burden of proving the elements of the claim for relief by clear and convincing evidence.  *Id.* §§ 566.34(3), 566.35(3).

    Michigan law grants courts the authority, on motion after the entry of a money judgment, to:

> (1) Compel a discovery of any property or things in action belonging to a judgment debtor, and of any property, money, or things in action due to [the debtor], or held in trust for [the debtor];
>
> (2) Prevent the transfer of any property, money, or things in action, or the payment or delivery thereof to the judgment debtor;
>
> (3) Order the satisfaction of the judgment out of property, money, or other things in action, liquidated or unliquidated, not exempt from execution;
>
> (4) Appoint a receiver of any property the judgment debtor has or may thereafter acquire; and
>
> (5) Make any order as within [the court's] discretion seems appropriate in regard to carrying out the full intent and purpose of these provisions to subject any nonexempt assets of any judgment debtor to the satisfaction of any judgment against the judgment debtor.

Mich. Comp. Laws § 600.6104. The statute permits courts to proceed "although the execution may not issue and other proceedings may not be taken for the enforcement of the judgment. It is not necessary that execution be returned unsatisfied before [these] proceedings . . . are commenced." *Id*.

Michigan Compiled Laws § 600.6116 also authorizes a court to enter a restraining order prohibiting a judgment debtor from transferring, otherwise disposing of, or interfering with the debtor's property "then held or thereafter acquired by or becoming due to him not exempt by law from application to the satisfaction of the judgment, until further direction in the premises, and such other

8

provisions as the court may deem proper." Sections 600.6104 and 600.6116 allow a judgment creditor to obtain a restraint on the transfer of a judgment debtor's assets.

Finally, Michigan law provides a mechanism for examining individuals or corporations holding money or property of the judgment debtor:

> Upon an affidavit, showing to the satisfaction of the judge that any person has money or property of the judgment debtor, or is indebted to him, the judge may issue a subpoena requiring the judgment debtor or the person or both to appear at a specified time and place, and be examined on oath, and to produce for examination any books, papers, or records in his or its possession or control which have or may contain information concerning the property or income of the debtor.

Mich. Comp. Laws § 600.6110(1). In the case of a corporation, an officer must answer the subpoena. *Id*. § 600.6110(2). The statute provides that a party or witness cannot avoid attending and answering a question because the answer might show that the party or witness is *inter alia* guilty of fraud. *Id*. § 600.6110(3). However, "an answer cannot be used as evidence against the person so answering in any criminal proceeding or action, except for perjury in making the answer." *Id.*

The Sixth Circuit has interpreted these provisions as giving courts " 'extremely broad' authority to execute on their judgments[.]" *JPMorgan Chase Bank, N.A. v. Winget*, 942 F.3d 748, 751-52 (6th Cir. 2019) (quoting *Rogers v. Webster*, No. 84-1096, 1985 WL 13788, at *1 (6th Cir. Oct. 22, 1985)).

9

### Application

State Farm asks the Court to issue an order making SPK and MDM parties to these proceedings and directing them to appear and show cause as to why they should not be liable to State Farm for the value of the properties transferred to them, the transfers should not be voided, and/or the Michigan properties sold and the assets used to satisfy the Judgment.

Although the Court will need more evidence than the summary of the transfers attached as Exhibit A to State Farm's motion to conclude that the Michigan properties were fraudulently transferred, State Farm has presented clear and convincing evidence to show that at least the California property was fraudulently transferred to SPK and MDM. A property, which was soon after sold for over $2 million, was transferred by Labib, for no consideration, to SPK and then MDM. Labib is the sole owner of SPK, and the sole owner of MDM is an insider for at least one defendant. The transfer occurred while this lawsuit was pending and shortly after the magistrate judge assigned to this case issued a report and recommendation, recommending that default judgments be entered against Defendants.

Thus, the Court finds that SPK and MDM should be made necessary parties to these post-judgment proceedings under Michigan Compiled Laws § 600.6128, Michigan Court Rule 2.205, and Rule 69 of the Federal Rules of Civil Procedure.

Once they are made parties to the proceedings, they shall appear and show cause as to why the remaining relief that State Farm seeks should not be granted.

Accordingly,

**IT IS ORDERED** that State Farm's amended motion (ECF No. 205) is **GRANTED IN PART AND HELD IN ABEYANCE IN PART**.

**IT IS FURTHER ORDERED** that S.P.K. Property Management Services, LLC and MDM Royalty Investments LLC shall be added as defendants to these post-judgment proceedings.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue a summons for S.P.K. Property Management, Services, LLC and MDM Royalty Investments LLC.

**IT IS FURTHER ORDERED** that State Farm shall serve the summons, its motion, and this Opinion and Order on S.P.K. Property Management Services, LLC and MDM Royalty Investments LLC on or before January 23, 2026. State Farm shall file a certificate of service on the docket.

**IT IS FURTHER ORDERED** that an evidentiary hearing and oral argument will be heard as to State Farm's other requested relief at 10:00 a.m. on February 3, 2026. At that time, State Farm is expected to offer clear and convincing evidence supporting its assertion that the Michigan properties also were fraudulently transferred; and S.P.K. Property Management Services, LLC and

MDM Royalty Investments LLC shall show cause as to why State Farm's other requested relief should not be granted.  Notice to appear to all parties will follow.

**SO ORDERED**.

                                                s/ Linda V. Parker
                                                LINDA V. PARKER
                                                U.S. DISTRICT JUDGE

Dated: January 7, 2026